IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2005 SEP 23 P 3: 03

| | |
|---|---|
| JEARLDEAN THOMAS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CV # 1:05cv914-F |
| § | |
| UTILITY TRAILER § | JURY DEMAND |
| MANUFACTURING COMPANY § | |
| d/b/a UTILITY TRAILER § | |
| CORPORATION, § | |
| § | |
| Defendant. § | |

## COMPLAINT

### I. JURISDICTION AND VENUE

1. This is an action for legal and equitable relief to redress unlawful race and gender discrimination in employment, as well as retaliation against Plaintiff, and to redress the harms imposed in violation of the United States Constitution and state tort law.

2. This Court has jurisdiction over this cause pursuant to 28 U.S.C. §§ 1331 and 1343; pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 1981a & 2000(e), *et seq.*, including 42 U.S.C. § 2000e-3(a) (retaliation); and pursuant to 42 U.S.C. § 2000e-5(f)(3) & (g). In addition, the jurisdiction of this Court is pursuant to 28 U.S.C. §§ 2201 & 2202 (Declaratory Judgment Act). Furthermore, jurisdiction over Plaintiff's claims for injunctive relief, costs, and

1

expenses is additionally conferred by 42 U.S.C. § 1988.

3. Plaintiff has exhausted the necessary administrative remedies. Prior to filing this civil action, Plaintiff timely filed a written charge with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the discriminatory acts asserting discrimination and retaliation. This action is filed within 90 days of receipt of a right to sue letter from the EEOC, which is dated June 27, 2005.

4. Jurisdiction over Plaintiff's claims based on Alabama law exists under the Doctrine of Supplemental Jurisdiction. 28 U.S.C. § 1367.

5. All acts complained of herein relate to Plaintiff's place of employment within the Middle District of Alabama. 28 U.S.C. § 1391.

## THE PARTIES

6. Plaintiff, Jearldean Thomas is an African American female and is over 21 years of age. Plaintiff is a citizen of Coffee County, Alabama.

7. Defendant Utility Trailer Manufacturing Company d/b/a Utility Trailer Corporation (hereinafter "Defendant" or "Utility Trailer") is a California corporation and conducts business in the state of Alabama. Defendant is an "employer" within the meaning of Title VII and is subject to suit under all of the claims alleged herein.

8. Defendant is subject to personal jurisdiction in the State of Alabama for the purpose of this lawsuit.

## **FACTUAL ALLEGATIONS**

9. On October 5, 2004, Plaintiff submitted an application to Defendant for a position as a welder or assembler.

10. Plaintiff had been referred to Defendant by the Alabama State Employment Service.

11. On her application, Plaintiff indicated that she had over ten years of previous welding experience with Dorsey Trailers, Alfab and Enterprise Power Lifts.

12. Plaintiff also indicated that she was a certified welder during her employment with Dorsey Trailers and that she had previous aluminum and steel welding experience with Alfab and Enterprise Power Lifts.

13. Plaintiff also indicated that she had attended high school at night in order to learn how to weld.

14. Plaintiff began welding in 1977 while employed as a certified welder with Alfab.

15. Plaintiff was next employed with Garwood Industries as a certified welder until its plant closed in 1979.

16. Plaintiff was next employed with Enterprise Power Lifts as a certified welder until the company went out of business.

17. Between 1980 and 1993, Plaintiff's employment as a welder fluctuated in part due to the birth of her children.

18. However, in the late 1980's, Plaintiff applied to be accepted into a welding class specific to and sponsored by Utility Trailer Corporation. A number of Plaintiff's male colleagues from Garwood Industries and other males were allowed to take

3

the class. Plaintiff was the only female denied the opportunity to take the class.

19. When Plaintiff inquired as to the reason for her denial, she was told that she was not entitled to an explanation.

20. Plaintiff subsequently filed a charge against Defendant with the EEOC alleging sex discrimination.

21. As a result of a settlement agreement, Plaintiff was allowed to take the class sponsored by Defendant. At the completion of the class, Defendant hired all participants who were welders, except for Plaintiff.

22. In 1990, Plaintiff was employed with Dorsey Trailers as a certified welder handling MIG, TIG, stick, aluminum and stainless steel materials.

23. In 1993, Plaintiff took an indefinite leave of absence from Dorsey Trailers. Plaintiff returned in early 1996 and continued to work as a certified welder and assembler with Dorsey Trailers until December 1999 when the company went out of business.

24. During the late 1990's, in response to notices of open welder positions, Plaintiff applied for jobs with Utility Trailer on a number of occasions.

25. Despite her experience and qualifications, Plaintiff was always given the run around, but never hired.

26. In fact, on one occasion, after Plaintiff passed Defendant's welding test, she was told by the personnel manager, Bill Woodham, to "go find a woman's job."

27. At the time of her October 5, 2004 application with Defendant, Plaintiff informed Defendant's human resources manager, Marsha Cannon, that she had previously

applied for positions with Utility Trailer.

28. Cannon and Defendant's front office receptionist looked on the computer for Plaintiff's name or prior applications, but could not locate any records on Plaintiff.

29. The receptionist then explained that Defendant only retained applications for a minimum of ninety days and a maximum of six months, therefore, Plaintiff's application would be new--as if Plaintiff had never applied in the past.

30. The receptionist then advised and instructed Plaintiff to answer "no" to the question, "Have you ever applied to work at this company before?"

31. Plaintiff complied and answered "no" to the question.

32. Despite her experience, Plaintiff was not hired.

33. During the following weeks, Plaintiff called Defendant to inquire about the status of her application and the open positions

34. Plaintiff was informed by Cannon that there were no openings for welders and that the company was taking employees from within and training them to be welders.

35. Cannon then told Plaintiff that she would be notified when a position was open.

36. Within hours, Plaintiff learned that Cannon's representations were untrue.

37. When Plaintiff returned to the State Employment office who had provided her with the referral to Defendant, Plaintiff saw Cannon come in and place a request for welders from MacArthur Tech in Opp, AL.

38. When Plaintiff returned home, she called Cannon and asked her about her request

5

she had placed that day with the State Employment office for welders. Cannon could not provide a non-discriminatory explanation why Plaintiff was being denied a position.

39. Between October 4 and November 18, 2004, Defendant hired six Caucasian and one African American male as welders. Of these individuals, only two had experience and/or qualifications that were equal to Plaintiff's.

40. Plaintiff's treatment is a pattern and practice of race and sex discrimination in hiring. Plaintiff believes that race and sex discrimination in the welding position are standard operating procedures for Defendant.

41. Plaintiff has been and continues to be discriminated against and retaliated against as stated above, based on her race, gender and because she opposed discrimination.

42. Plaintiff was directly affected by said discriminatory and retaliatory practices and by being deprived of the opportunity to work in her desired profession and in a racially integrated work environment and otherwise affected her opportunity for enjoyment of work as compared to white male employees.

43. As result of said injury and damage, Plaintiff is entitled to back pay with interest, placed in a position that she would now occupy had it not been for the discriminatory and retaliatory practices of Defendant, front pay, compensatory and punitive damages, attorney fees and costs.

## STATEMENT OF CLAIMS

### CLAIM ONE
### VIOLATION OF TITLE VII, 42 U.S. C. § 2000e *et seq.*
### (Discrimination on the Basis of Race)

44. Plaintiff realleges the above paragraphs as if fully set out herein.

45. Plaintiff is a member of a class protected by 42 U.S.C. § 2000e *et seq.*, and is qualified for employment with Utility Trailer Corporation.

46. The conduct of Defendant, Utility Trailer Corporation, as set forth above, constitutes unlawful discrimination against Plaintiff on the basis of race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and is part of Defendant's pattern and practice of discrimination on the basis of race. Plaintiff was denied a position with Defendant was not given equal opportunity in the terms and conditions of his employment in violation of 42 U.S.C. § 2000e *et seq., as amended*, 42 U.S.C. § 1981a.

47. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, mental and emotional distress, humiliation, loss of self esteem, depression, expense, and embarrassment.

### CLAIM TWO
### RETALIATION UNDER TITLE VII, 42 U.S.C. § 2000e-3(a)
### (Retaliation)

48. Plaintiff adopts and realleges the above paragraphs as if fully set out herein.

49. The conduct of Defendant, as set forth herein, constitutes unlawful retaliation against Plaintiff for his having opposed discriminatory treatment based upon race, in violation of Title VII and 42 U.S.C. § 1981a.

50. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer loss of promotion opportunities, loss of income, loss of other employment benefits, mental and emotional distress, humiliation, expense and embarrassment.

## CLAIM THREE
## VIOLATION OF 42 U.S.C. § 1981
### (Discrimination and Retaliation on the Basis of Race)

51. Plaintiff adopts and realleges the above paragraphs as if fully set out herein.

52. Plaintiff is a member of a class protected by 42 U.S.C. § 1981 and is qualified for employment with Utility Trailer Corporation.

53. The conduct of Defendant, its agents and employees constitutes unlawful discrimination and retaliation against Plaintiff on the basis of race, in violation of 42 U.S.C. § 1981, and constitutes part of Defendant's pattern and practice of retaliation and discrimination on the basis of race.

54. As a direct and proximate result of said acts, Plaintiff has suffered and continue to suffer loss of employment, loss of income, loss of other employment benefits, mental and emotional distress, humiliation, expense, and embarrassment.

## CLAIM FOUR
## SEX DISCRIMINATION IN VIOLATION OF TITLE VII

55. Plaintiff realleges the above paragraphs as if fully set out herein.

56. The conduct of Defendant, as set forth above, constitutes unlawful discrimination against Plaintiff on the basis of sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and is part of Defendants' pattern and practice of discrimination on the basis of sex. Plaintiff was denied a position solely because of her sex and was not given equal opportunity in the terms and conditions of her application for employment in violation of 42 U.S.C. § 2000e *et seq.*, as amended, 42 U.S.C. § 1981a.

## CLAIM FIVE
## EQUAL PROTECTION VIOLATIONS ON THE BASIS OF SEX

57. Plaintiff realleges all of the above paragraphs of the Complaint as if set out in full.

58. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 to remedy and redress the violation of Plaintiff's Fourteenth Amendment right to equal protection based upon the failure to confer upon Plaintiff the rights and work environment of similarly situated male employees.

59. Defendant has established and is maintaining a policy and custom of depriving Plaintiff, as a woman, of her rights secured by the United States Constitution and federal law. Defendant's knowledge, or endorsement, promotion, ratification, or encouragement of, and acquiescence in, unlawful conduct, has deprived Plaintiff of her constitutional and statutory rights.

60. The policies, practices, and customs of Defendant substantially burdens the rights of female applicants for welding positions, including Plaintiff.

61. Defendant's actions have been motivated by invidious gender animosity that is

supported by no rational or legitimate governmental interest.

62. The above mentioned acts of Defendant were willful, wanton, malicious, oppressive, and justify the award of punitive damages and all other damages outlined herein.

## CLAIM SIX
## NEGLIGENT TRAINING

63. Plaintiff adopts and realleges the above paragraphs as if fully set out herein.

64. This is a claim arising under the law of the State of Alabama claiming that Defendant committed the tort of negligent training.

65. The conduct of the Defendant, as set forth above, was a breach of Defendant's duty to Plaintiff to exercise care in retaining employees, and such breach proximately caused her to suffer humiliation, mental pain and anguish, all to Plaintiff's damage.

66. The above mentioned acts of Defendant were willful, wanton, malicious, oppressive, and justify the award of punitive damages.

## CLAIM SEVEN
## NEGLIGENCE

67. Plaintiff adopts and realleges the above paragraphs as if fully set out herein.

68. This is a claim arising under the law of the State of Alabama claiming that Defendant committed the tort of negligence.

69. The conduct of the Defendant, as set forth above, was a breach of Defendant's

        duty to Plaintiff to exercise care in retaining employees, and such breach proximately caused her to suffer humiliation, mental pain and anguish, all to Plaintiff's damage.

70.    The above mentioned acts of Defendant was willful, wanton, malicious, oppressive, and justify the award of punitive damages.

71.    Defendant retaliated against Plaintiff, and did so as part of a pattern and practice of retaliation, because she opposed Defendant's discriminatory practices and because she previously filed an EEOC charge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* of § 1981a.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant:

(a)    Declaring that the acts and practices complained of herein are in violation of Title VII, 42 U.S.C. §§ 1981a & 2000e *et seq.*, 42 U.S.C. §§ 1985(3) & 1986, the United States Constitution, and state tort law;

(b)    Ordering Defendant to make whole Plaintiff by providing appropriate back pay and interest thereon, prejudgment interest, and all other entitlements and emoluments in an amount to be shown at trial, and other affirmative steps immediately to eliminate the effects of the discriminatory practices complained of herein;

(c) That this Court order Defendant to immediately place Plaintiff in the position that she would now occupy but for the discriminatory and retaliatory practices of Defendant, and adjust the wage rate, salary, bonuses, and benefits for Plaintiff to the level she would enjoy but for said practices;

(d) That this Court grant to Plaintiff reasonable attorneys' fees, expert fees, costs, and expenses incurred herein, 42 U.S.C. §§ 1988 & 2000e-5(k);

(e) That this Court grant to Plaintiff compensatory and punitive damages;

(f) That this Court retain jurisdiction over this action until the Defendant have fully complied with the Orders of this Court and that the Court require the Defendant to file such reports as may be necessary to supervise such compliance;

(g) That this Court Order the establishment of a system free of discrimination and retaliation and that Defendant be permanently enjoined from taking any further retaliatory action against Plaintiff;

(h) That Defendant be ordered to adopt and strictly enforce written rules prohibiting discrimination and retaliation in the workplace; that such rules provide for the prompt and appropriate investigation of all related complaints; and that such rules require formal disciplinary action to be taken against any employee or agent found to have engaged in such discrimination or retaliation against any employee;

(i) That this Court grant such other, further, and different relief to Plaintiff which it may deem proper.

Respectfully submitted this **23** day of September 2005.

                                                */s/ Jearldean Thomas*
                                                JEARLDEAN THOMAS, Pro Se

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

13