IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JEARLDEAN THOMAS** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**UTILITY TRAILER MANUFACTURING** )<br>**COMPANY d/b/a UTILITY TRAILER** )<br>**CORPORATION** )<br>)<br>**Defendant.** ) | **CIVIL ACTION NUMBER:**<br>**1:05cv914-F** |

## ANSWER

COMES NOW, Utility Trailer Manufacturing Company, Defendant in the above-styled action and responds to Plaintiff's Complaint as follows:

1.   Admit that Plaintiff seeks the stated relief, but deny that Plaintiff is entitled to any of the relief requested. To the extent that Paragraph 1 of Plaintiff's Complaint alleges the violation of any law, it is denied.

2.   Admit that this Court has jurisdiction over this action. To the extent that Paragraph 2 of Plaintiff's Complaint alleges the violation of any law or that Plaintiff is entitled to any relief, it is denied.

3.   Admit that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on November 10, 2004 and was issued a Dismissal and Notice of Right to Sue dated June 27, 2005. With respect to the remaining averments of this paragraph, Defendant does not have sufficient knowledge or information to form a belief as to the truth of these averments and on that basis denies the same and demands strict proof thereof.

4. Admit that this Court has jurisdiction over Plaintiff's state law claims. To the extent that Paragraph 4 of Plaintiff's Complaint alleges that Defendant violated any law, it is denied.

5. Admit that venue is proper in this district, but deny that venue is proper in this division. To the extent that Paragraph 5 of Plaintiff's Complaint alleges the violation of any law, it is denied.

6. Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph and on this basis denies the same and demands strict proof thereof.

7. Admit that Defendant Utility Trailer Manufacturing is a California corporation and conducts business in the State of Alabama. Admit that Defendant Utility Trailer Manufacturing Company is an employer within the meaning of Title VII. With respect to the remaining averments of this paragraph, deny.

8. Admit.

9. Admit that Plaintiff submitted an Application for Employment dated October 5, 2004 to Defendant, which stated that the "kind of work desired" was "welding or assembly."

10. Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph and on that basis denies the same and demands strict proof thereof.

11. Deny.

12. Deny.

13. Admit that Plaintiff indicated on her application "went to take welding at the high school at nigh." [sic]

14. Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph and on that basis denies the same and demands strict proof thereof.

15. Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph and on that basis denies the same and demands strict proof thereof.

16. Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph and on that basis denies the same and demands strict proof thereof.

17. Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph and on that basis denies the same and demands strict proof thereof.

18. Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph and on that basis denies the same and demands strict proof thereof.

19. Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph and on that basis denies the same and demands strict proof thereof.

20. Admit that Plaintiff filed an EEOC Charge against Defendant alleging sex discrimination on April 16, 1998 and again on Nov. 10, 2004.

21. Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph and on that basis denies the same and demands strict proof thereof.

22. Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph and on that basis denies the same and demands strict proof thereof.

23. Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph and on that basis denies the same and demands strict proof thereof.

24. Admit.

25. Admit that Plaintiff has not been hired by Defendant. With respect to the remaining averments of this paragraph, deny.

26. Deny.

27. Deny.

28. Deny.

29. Deny.

30. Deny.

31. Admit that Plaintiff indicated on her application that she had not previously applied for work at the company. With respect to the remaining averments of this paragraph, deny.

32. Admit that Plaintiff was not hired. With respect to the remaining averments of this paragraph, deny.

33. Admit that Plaintiff called to inquire about her application. With respect to the remaining averments of this paragraph, deny.

34. Admit that Defendant's Human Resources Manager, Marsha Cannon, informed Plaintiff that as of that day Cannon was not reviewing welder applications from non-employees because the company was training incumbent employees to weld and they would be given preference for any available positions. With respect to the remaining averments of this paragraph, deny.

35. Deny.

36. Deny.

37. Deny.

38. Deny.

39. Admit that Defendant hired six Caucasian and one African-American male as welders between October 4 and November 18, 2004. With respect to the remaining averments of this paragraph, deny.

40. Deny.

41. Deny.

42. Deny.

43. Deny.

44. Defendant reasserts its responses to Paragraphs 1 through 43 above as if fully set out herein.

45. Admit that Plaintiff is a member of a class protected by 42 U.S.C. §2000(e) et seq. With respect to the remaining averments of this paragraph, deny.

46. Deny.

47. Deny.

48. Defendant reasserts its responses to Paragraphs 1 through 47 as if fully set out herein.

49. Deny.

50. Deny.

51. Defendant reasserts its responses to Paragraphs 1 through 50 as if fully set out herein.

52. Admit that Plaintiff is a member of a class protected by 42 U.S.C. §1981. With respect to the remaining averments of this paragraph, deny.

53. Deny.

54. Deny.

55. Defendant reasserts its responses to Paragraphs 1 through 54 as if fully set out herein.

56. Deny.

57-71  Defendant has filed concurrently herewith a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) pretermitting the requirement of any answer to these paragraphs.

Defendant denies that Plaintiff is entitled to any of the relief requested or to any relief whatsoever.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

### FIRST DEFENSE

Any factual assertions or allegations made in Plaintiff's Complaint that are not explicitly admitted herein are denied and strict proof is demanded to support such allegations.

### SECOND DEFENSE

Defendant did not engage in any discriminatory, or unlawful conduct toward Plaintiff.

### THIRD DEFENSE

Some or all of Plaintiff's claims are barred because Defendant has at all times acted reasonably and in good faith toward Plaintiff.

### FOURTH DEFENSE

Defendant's conduct toward and treatment of Plaintiff was at all times based upon legitimate non-discriminatory factors and/or legitimate factors other than race, sex, or protected conduct.

### FIFTH DEFENSE

Plaintiff cannot prove any discriminatory or unlawful conduct by Defendant; alternatively, even if Plaintiff could prove a discriminatory motive could be found to exist for some action complained of, Defendant would have taken the same actions based upon legitimate, non-discriminatory, non-retaliatory reasons.

### SIXTH DEFENSE

Plaintiff is not entitled to some or all of the relief requested in his Complaint because, even if Defendant was found to have considered any impermissible factors in any decisions or actions with respect to Plaintiff, which Defendant denies, no such

7

decisions or actions were motivated by any impermissible factors and all decisions were based on reasonable factors other than race, sex or protected conduct.

### SEVENTH DEFENSE

Defendant affirmatively avers that any Title VII claims of Plaintiff that arose more than 180 days prior to the filing of her Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) are barred for failure to meet the conditions precedent to bringing this action. Moreover, any Title VII claims outside the scope of a reasonable investigation of that Charge of Discrimination are likewise barred.

### EIGHTH DEFENSE

To the extent any of Plaintiff's claims occurred outside the applicable statute of limitations, such claims are time-barred.

### NINTH DEFENSE

Defendant has a well-disseminated and consistently enforced policy against unlawful discrimination, harassment, and retaliation, which established reasonable and effective means of reporting and seeking relief from conduct believed to be discriminatory, and Defendant acted in accordance with this policy at all times. To the extent that Plaintiff failed to use these procedures and/or failed to properly use these procedures, Plaintiff's claims are barred.

### TENTH DEFENSE

There is no causal relation between the acts of Defendant and any injury or damage allegedly suffered by Plaintiff.

## ELEVENTH DEFENSE

Defendant reserves the right, upon taking further discovery in this case, to assert and/or show that some or all of Plaintiff's claims are barred by the after-acquired evidence doctrine.

## TWELFTH DEFENSE

Plaintiff has failed to plead special damages with specificity as required by the Federal Rules of Civil Procedure, therefore, he is barred from any recovery of special damages.

## THIRTEENTH DEFENSE

Some or all of Plaintiff's claims are barred by the equitable doctrine of estoppel and/or unclean hands.

## FOURTEENTH DEFENSE

Some or all of Plaintiff's claims and/or some or all of the damages Plaintiff seeks are barred by the applicable statute of limitations.

## FIFTEENTH DEFENSE

Plaintiff is not entitled to attorneys' fees, costs or expenses.

## SIXTEENTH DEFENSE

Plaintiff is due none of the relief requested.

## SEVENTEENTH DEFENSE

Plaintiff is not entitled to punitive damages.

## EIGHTEENTH DEFENSE

Defendant did not engage in any willful violation of any law, and Defendant did not act with malice or with reckless indifference to the federally protected rights of Plaintiff, nor did Defendant authorize or ratify any such actions.

## **NINETEENTH DEFENSE**

To the extent Plaintiff's Complaint states a claim for punitive damages, such a claim is barred because any imposition of punitive damages against Defendant under any of the claims would constitute a denial of due process and would be excessive under the United States Constitution and the Constitution of the State of Alabama.

## **TWENTIETH DEFENSE**

Defendant cannot be liable for punitive damages because Defendant could not have reasonably expected the conduct which Plaintiff's alleges, to have subjected it to punitive damages.

Respectfully submitted,

s/Albert L. Vreeland, II
Albert L. Vreeland, II ASB-0066-V78A
avreeland@lehrmiddlebrooks.com


s/Jennifer L. Howard
Jennifer L. Howard ASB-9511-O68J
jhoward@lehrmiddlebrooks.com

LEHR MIDDLEBROOKS & VREELAND, P.C.
P.O. Box 11945
Birmingham, Alabama  35202-1945
(205) 326-3002
(205) 326-3008 (fax)

## CERTIFICATE OF SERVICE

    I hereby certify that on May 10, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that I mailed by United States Postal Service the document to the following non-CM/ECF participants:

> Ms. Jearldean Thomas
> 405 Highland Drive
> Enterprise, AL  36330

> Respectfully submitted,
>
> s/Albert L. Vreeland, II
> Albert L. Vreeland, II ASB-0066-V78A
> avreeland@lehrmiddlebrooks.com
>
>
> s/Jennifer L. Howard
> Jennifer L. Howard ASB-9511-O68J
> jhoward@lehrmiddlebrooks.com

LEHR MIDDLEBROOKS & VREELAND, P.C.
P.O. Box 11945
Birmingham, Alabama  35202-1945
(205) 326-3002
(205) 326-3008 (fax)

141808