IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JEARLDEAN THOMAS,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **UTILITY TRAILER MANUFACTURING** ) <br> **COMPANY d/b/a UTILITY TRAILER** ) <br> **CORPORATION,** ) <br> ) <br> **Defendant.** ) | **CIVIL ACTION NUMBER:** <br> **1:05cv914-F** |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
RULE 12(b)(6) MOTION TO DISMISS COUNTS FIVE THROUGH SEVEN
OF PLAINTIFF'S COMPLAINT**

Defendant, Utility Trailer Manufacturing Company ("Utility Trailer"), pursuant to Federal Rule of Civil Procedure 12(b)(6), submits this Memorandum of Law in Support of its Motion To Dismiss Counts Five Through Seven of Plaintiff's Complaint:

### I.   INTRODUCTION

Plaintiff's Complaint includes seven (7) separate counts, all of which seek to recover damages for the same alleged conduct of Utility Trailer, i.e., its decision not to hire Plaintiff as a welder. In this motion, Defendant does not attack the factual insufficiencies of Plaintiff's claims; rather, Defendant seeks only to dispense with those claims that, as a matter of law, this Plaintiff cannot bring against this Defendant. First, Defendant seeks to dismiss Count Five (42 U.S.C. § 1983 equal protection claim) because Plaintiff does not allege (nor can she prove) any "state action" by this Defendant, an essential element of any claim brought under § 1983. Furthermore, Defendant seeks to dismiss Plaintiff's negligence claims – Count Six (negligent training)

and Count Seven (negligent failure to retain) – because Plaintiff does not allege (and cannot prove) that this Defendant owed any duty recognized under Alabama law to exercise the level of care needed in the training and retention of its workers to avoid discrimination against applicants.

## II.     STATEMENT OF FACTS[1]

1.     Defendant Utility Trailer is a California corporation doing business in Alabama.  (Complaint ¶ 7).

2.     On October 5, 2004, Plaintiff applied to Defendant for a welder position.  Plaintiff was not hired.  (Complaint ¶ 27, 32, 33-34).

## III.    STANDARD OF REVIEW

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted.  See Fed. R. Civ. P. 12(b)(6).  Dismissal under Rule 12(b)(6) is appropriate "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint."  Rendon v. Valleycrest Prods., Ltd., 294 F.3d 1279, 1282 (11th Cir. 2002) (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

## IV.    ARGUMENT

### A.    Plaintiff Cannot State A Claim Under § 1983 Because She Does Not Allege (and Cannot Prove) State Action.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the

---

[1] Defendant presents the facts in the light most favorable to Plaintiff as required for a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Thus, Defendant adopts this version of the facts only for purposes of its Motion to Dismiss.

2

alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see also 42 U.S.C. § 1983.  The "under color of law" requirement of § 1983 has consistently been treated as the same thing as the Fourteenth Amendment's "state action" requirement, and it "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Focus on the Family v. Pinellas Suncoast Transit Authority, 344 F.3d 1263, 1276-1277 (11th Cir. 2003).

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Johnson v. City of Clanton, 2005 WL 1618556, *5 (M.D. Ala. July 7, 2005) (Fuller, J.) (citing West v. Atkins, 487 U.S. 42, 49 (1988) and Focus on the Family, 344 F.3d at 1276-77).  In determining whether the actions of a private entity or individual are properly attributed to the state, the courts have used three distinct tests:  (1) the public function test; (2) the state compulsion test; and (3) the nexus joint action test. Focus on the Family, 344 F.3d at 1277.  According to the Eleventh Circuit:

> The public function test limits state action to instances where private actors are performing functions "traditionally the exclusive prerogative of the state."  The state compulsion test limits state action to instances where the government "has coerced or at least significantly encouraged the action alleged to violate the Constitution."  The nexus/joint action test applies where "the state has so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise."

Id. (underlined emphasis added).

None of these tests are met here.  There is no allegation that Defendant, a private employer (Complaint ¶ 7), exercised power possessed by virtue of state law and made possible only because it was somehow clothed with the authority of state law.

3

Accordingly, Count Five of Plaintiff's Complaint is due to be dismissed for failure to allege state action by Defendant.

      **B.    Plaintiff Cannot Succeed On Her Negligence Claims.**

In order to state a negligence claim, a plaintiff must establish: (1) that the defendant owes the plaintiff a duty, (2) that the defendant breached that duty, and (3) that the breach proximately caused the plaintiff to be injured. Martin v. Arnold, 643 So. 2d 564, 567 (Ala.1994). "The absence of any one of these [elements] renders a complaint bad or the evidence insufficient." Calvert Fire Ins. Co. v. Green, 180 So. 2d 269, 273 (Ala. 1965). The existence of a duty is a question of law to be decided by the court. Rose v. Miller & Co., 432 So. 2d 1237, 1238 (Ala. 1983).

In Counts Six and Seven of her Complaint, Plaintiff asserts that Defendant negligently trained/retained its employees. She has not identified any conduct alleged to be negligence other than Defendant's failure to hire her. Importantly, Plaintiff has not alleged (nor can she prove) that Alabama law imposes on employers a duty to prevent discrimination toward its applicants by exercising care in the training and/or retention of its workforce.

As an applicant for employment, Plaintiff's only interaction with Defendant's employees involved submitting her application and inquiring about her status. Although federal anti-discrimination law imposes a duty on employers not to discriminate or retaliate against applicants for employment, Alabama common law does not. See Thrasher v. Ivan Leonard Chevrolet, Inc., 195 F. Supp. 2d 1314, 1320 (N.D. Ala. 2002) ("As Alabama does not recognize a common-law tort for sex discrimination in employment, the Court finds that Plaintiff cannot maintain an action for negligent

4

supervision, training, and/or retention based upon conduct that is employment discrimination, but does not support a common-law tort."); see also Howard v. Wolff Broadcasting Corp., 611 So. 2d 307, 313 (Ala. 1992) (refusing to "judicially create a wrongful discharge action" based on sex discrimination), cert. denied, 507 U.S. 1031 (1993). Instead, the at-will employment doctrine, long ago adopted by Alabama, provides that: "an employment contract is generally terminable at will by either party, with or without reasonable cause or justification, for a good reason, a wrong reason, or no reason at all." Culbreth v. Woodham Plumbing Co., 599 So. 2d 1120, 1121 (Ala. 1992). Just as an employer can terminate at-will employment for no reason or even a bad reason, an employer can likewise refuse to enter an at-will employment relationship for a good reason, a wrong reason, or no reason at all.

The Alabama Supreme Court has refused to allow a plaintiff to circumvent the at-will doctrine by asserting a negligence claim. See Wal-Mart Stores, Inc. v. Smitherman, 872 So. 2d 833, 838 (Ala. 2003). In Wal-Mart, the Alabama Supreme Court found that: "[i]n essence, this claim is a wrongful-discharge claim, masquerading as a negligent and/or wanton failure-to-investigate claim, where no wrongful-discharge claim has been, or could have been, maintained." Wal-Mart Stores, 872 So. 2d at 838.

To recognize a "negligence" claim for Defendant's refusal to hire an at-will employee, when no "wrongful discharge" claim could be brought if she was hired, would be a radical departure from the employment-at-will doctrine. The legislature has created only three exceptions to the at-will doctrine: (1) Ala. Code (1975) § 12-16-8.1, which prohibits an employer from terminating an employee because of his or her service on a jury; (2) Ala. Code (1975) § 25-5-11.1, which prohibits an employer from

5

terminating an employee solely because the employee filed a workers' compensation claim; and (3) Ala. Code (1975) § 25-1-20 et seq., which prohibits an employer from terminating an employee based on age. Givens v. Heilig-Meyers Co., 738 So. 2d 1282, 1283 (Ala. Civ. App. 1999); Ala. Code (1975) § 25-1-20 et seq. None of the three exceptions to the employment at-will doctrine listed above applies here, and the Alabama Supreme Court has steadfastly refused to recognize any other exception. Dykes v. Lane Trucking, Inc., 652 So. 2d 248, 250 (Ala.1994).

Because Plaintiff does not allege (nor can she prove) any duty owed to her under Alabama law, much less a breach of any such duty, Plaintiff's negligence claims are due to be dismissed.

## V.   CONCLUSION

For the foregoing reasons, Defendant moves the Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Counts Five though Seven of Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

Respectfully submitted,

s/Albert L. Vreeland, II
Albert L. Vreeland, II ASB-0066-V78A
avreeland@lehrmiddlebrooks.com

s/Jennifer L. Howard
Jennifer L. Howard ASB-9511-O68J
jhoward@lehrmiddlebrooks.com

LEHR MIDDLEBROOKS & VREELAND, P.C.
P.O. Box 11945
Birmingham, Alabama  35202-1945
(205) 326-3002
(205) 326-3008 (fax)

## CERTIFICATE OF SERVICE

    I hereby certify that on May 10, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that I mailed by United States Postal Service the document to the following non-CM/ECF participants:

        Ms. Jearldean Thomas
        405 Highland Drive
        Enterprise, AL  36330

        Respectfully submitted,


        s/Albert L. Vreeland, II
        Albert L. Vreeland, II ASB-0066-V78A
        avreeland@lehrmiddlebrooks.com


        s/Jennifer L. Howard
        Jennifer L. Howard ASB-9511-O68J
        jhoward@lehrmiddlebrooks.com

LEHR MIDDLEBROOKS & VREELAND, P.C.
P.O. Box 11945
Birmingham, Alabama  35202-1945
(205) 326-3002
(205) 326-3008 (fax)


141997