IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JEARLDEAN THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:05CV914-MEF |
| | ) | [WO] |
| UTILITY TRAILER MANUFAC- | ) | |
| TURING COMPANY, etc., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

On 10 May 2006, the defendant filed a Motion to Dismiss Counts Five Through Seven of the complaint (Doc. # 13). Although the court has entered a series of motions designed to secure a response from the *pro se* plaintiff, JEARLDEAN THOMAS ["Thomas"]  - including a direct order to respond by 16 June 2006 (Doc. # 15) -  the plaintiff has failed to respond. The court advised the plaintiff that "her failure to respond to the court's order may lead to a Recommendation that Counts 5, 6, and 7 of the complaint be DISMISSED" (Doc. # 15).

For the reasons which follow, the Magistrate Judge recommends that the motion be granted.

## I.  DISCUSSION

Thomas filed her complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981, 1983, and 2000(e), contending that the defendant, UTILITY TRAILER

MANUFACTURING COMPANY ["Utility Trailer"], discriminated against her on the basis of her race and gender and that the defendant retaliated against her.

### A.    Standard of Review For Motion To Dismiss

"A motion to dismiss is only granted when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Harper v. Blockbuster Entertainment Corp.*, 139 F.3d 1385, 1387 (11th Cir.), *cert. denied*, 525 U.S. 1000 (1998) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In assessing a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), the court must accept as true any allegations in the plaintiff's complaint. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998).

"A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations". *Hishon v. King & Spalding*, 467 U.S. at 73; *Ellis v. General Motors Acceptance Corp.*, 160 F.3d at 706.

> The plaintiff need not set forth all the facts upon which the claim is based; rather, a short and plain statement of the claim is sufficient if it gives the defendant fair notice of what the claim is and the grounds upon which it rests. A 12(b)(6) motion tests only the sufficiency of the claim set out in the plaintiff's pleadings. Denial of such a motion, therefore, does not indicate that the plaintiff will ultimately prevail on a claim which withstands a 12(b)(6) challenge.

*Harris v. Proctor & Gamble Cellulose Co.*, 73 F.3d 321, 324 (11th Cir. 1996) (*citing Mann*

***v. Adams Realty Co., Inc.***, 556 F.2d 288, 293 (5th Cir.1977)).

It is well established that a complaint may be dismissed under FED.R.CIV.P. 12(b)(6) only "if it is clear that no relief could be granted" under any set of facts that could be proved consistent with the allegations. ***Hishon v. King & Spalding***, 467 U.S. at 73. Furthermore, courts are charged with liberally construing the complaints of *pro se* litigants, who are held to less stringent standards for drafting pleadings than lawyers. ***See Estelle v. Gamble***, 429 U.S. 97, 106 (1976).

**B.     *Count Five***

Thomas identified Utility Trailer as "a California corporation [that] conducts business in the state of Alabama." Utility Trailer is thus a private corporation  -  a private party. In Count Five, Thomas made allegations against Utility Trailer for violations of the Equal Protection Clause of the United States Constitution and 42 U.S.C. §1983.

In order to maintain an action under 42 U.S.C. § 1983, the conduct complained of must have been committed by a person acting under color of state law. ***Parratt v. Taylor***, 451 U.S. 527 (1981); ***American Mfrs. Mut. Ins. Co. v. Sullivan***, 526 U.S. 40, 49 (1999) (To "state a claim for relief in an action brought under §1983, [the plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. Like the state-action requirement of the Fourteenth Amendment, the under-color-of-law element of §1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.").

3

*See also Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003).[1]

The actions about which Thomas complains were not committed by persons acting under color of state law.  Instead, they were committed, if at all, by a private corporation, and Thomas can prove no set of facts for which relief can be granted pursuant to the Constitution or 42 U.S.C. §1983.  Consequently, the claims presented in this case lack an arguable basis and are therefore due to be dismissed upon application of 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke v. Williams*, 490 U.S. 319 (1989).

**C.    Counts Six and Seven**

Thomas contends in count six that Utility Trailer negligently trained their employees, that it was negligent "in retaining employees, and that she suffered humiliation, mental pain and anguish.  She alleged in count seven that the defendant was simply negligent in failing to exercise care in retaining employees.  She also re-alleges that Utility Trailer retaliated against her, but because that claim is clearly set forth in Count Three, which is not the subject of the motion to dismiss, the court has disregarded that allegation.

Negligence is a state cause of action, over which the court assumes supplemental

---

[1]*See Rendell-Baker v. Kohn*, 457 U.S. 830, 838, 102 S. Ct. 2764, 2769-70, 73 L. Ed. 2d 418 (1982) ("In cases under § 1983, 'under color' of law has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment." (quoting *United States v. Price*, 383 U.S. 787, 794 n.7 (1966)).

jurisdiction pursuant to 28 U.S.C. §1367.    Supplemental jurisdiction statute provides, in

relevant part:

> (a) Except as provided in subsections (b) and (c) ..., in any civil
> action of which district courts shall have original jurisdiction,
> the district court shall have supplemental jurisdiction over all
> other claims that are so related to claims in the action within
> such original jurisdiction that they form part of the same case or
> controversy under Article III of the United States Constitution.
> . . . . . . . . . .

Pursuant to the statute, this court may exercise jurisdiction over all state law claims

which "arise out of a common nucleus of operative fact" with a substantial federal claim.

***United Mine Workers of America v. Gibbs***, 383 U.S. 715, 724-25, 86 S. Ct. 1130, 1138, 16

L. Ed. 2d 218 (1966);   ***Palmer***,  22 F.3d at 1563-64 (a federal court has the power under §

1367(a) to exercise pendent jurisdiction over state claims which arise from the same

occurrence and involve the same or similar evidence); ***Draper and Son v. Wheelabrator-***

***Frye, Inc.***, 735 F.2d 414, 427 (11th Cir.1984).

However, a plaintiff is still required to state a cause of action cognizable under the

laws of the state.   As the District Court for the Middle District of Georgia found in ***Alford***

***v. Cosmyl, Inc***., 209 F. Supp.2d 1361, 1372 (D. Ga. 2002), Thomas

> essentially attempt[s] to create a state law negligence cause of
> action for discrimination in employment. Acceptance of
> Plaintiffs' creative legal theory would result in making virtually
> every employment discrimination claim actionable under state
> law negligence principles.

Neither does Alabama recognize a common-law tort for race and gender discrimination; thus

Thomas "cannot maintain an action for negligent supervision, training, and/or retention based

upon conduct that is employment discrimination, but does not support a common-law tort."

*Thrasher v. Ivan Leonard Chevrolet, Inc.,* 195 F. Supp. 2d 1314, 1320 (D. Ala. 2002).

Because Thomas' allegations of negligent training and negligence in employment discrimination do not constitute a cause of action as a common-law tort in Alabama, counts six and seven should be dismissed. Even accepting Thomas' allegations as true, and even after according her the liberal construction that *pro se* plaintiffs are due, the facts she alleges are insufficient to establish a violation of state law. Accordingly, the claims presented in counts six and seven lack an arguable basis and are therefore due to be dismissed upon application of 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke v. Williams*, 490 U.S. 319 (1989).

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION that the claims in counts five, six, and seven of the plaintiff's complaint be DISMISSED with prejudice.[2]

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **18 August 2006.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed

---

[2]A dismissal of the claims in counts five, six, and seven would leave four claims: (1) discrimination based on race under Title VII  - count one; (2) retaliation under Title VII  - count two: (3) discrimination and retaliation based on race under 42 U.S.C. §1981 - count three; (4) sex discrimination under Title VII  - count four.

6

findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  ***Nettles v. Wainwright***, 677 F.2d 404 (5th Cir. 1982).  *See* ***Stein v. Reynolds Securities, Inc.***, 667 F.2d 33 (11th Cir. 1982).  *See also* ***Bonner v. City of Prichard***, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

DONE this 4th day of August, 2006.


/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE