IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEARLDEAN THOMAS,         )<br>                           )<br>          Plaintiff,       )<br>                           )<br>v.                         )<br>                           )<br>UTILITY TRAILER MANUFACTURING )<br>COMPANY d/b/a UTILITY TRAILER )<br>CORPORATION,              )<br>                           )<br>          Defendant.      ) | CIVIL ACTION NUMBER:<br>1:05cv914-F |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Utility Trailer Manufacturing Company (hereafter "Utility Trailer"), submits this Memorandum of Law in Support of Its Motion for Summary Judgment. In support of summary judgment, Utility Trailer shows as follows:

### INTRODUCTION

In this employment discrimination case, Plaintiff Jearldean Thomas alleges that Defendant Utility Trailer refused to hire her for a welding job in October 2004 because of her sex (female). Plaintiff's application indicated that her last welding experience was in or about 1997. Plaintiff's discrimination claims fail because all of the selected candidates were more qualified in that they had more recent welding experience. Further, at least one of the selected applicants had unique experience welding aluminum, a valuable skill.

Plaintiff also claims that Utility Trailer retaliated against her for filing a Charge of Discrimination with the EEOC in the early 1980's. Her retaliation claim fails because the decisionmaker was not aware of Plaintiff's prior EEOC Charge.

## STATEMENT OF UNDISPUTED FACTS[1]

### Plaintiff's application for employment.

1. Utility Trailer operates a trailer manufacturing facility in Enterprise, Alabama. Cannon ¶ 3.

2. Plaintiff applied for a welding assembly position with Utility Trailer by application dated October 5, 2004. Thomas 116:4-119:23; DX 3 at P133-134.

3. On her job application, Plaintiff indicated that she worked at Dorsey Trailers from 1993 to 1999. Thomas 146:9-147:21; DX 3 at P133. The application further states, "I was a welder at Dorsey Trailers for 5 years and then I went to Assembly Line." Id.; DX 3 at P134.

4. Plaintiff did not indicate on her application that she had any welding experience since approximately 1997. Thomas 149:22-150:3; DX 3 at P133-134.

5. Plaintiff did not indicate on her application that she had any experience in welding aluminum. Thomas 150:4-150:16; DX 3 at P133-134.

6. Plaintiff indicated on her application that she had never applied for work with Utility Trailer previously. Thomas 147:22-148:5; DX 3 at P133.

### Utility Trailer's selection process.

7. At the time it was seeking to fill a welding position, Utility Trailer first sought to fill the position internally by training existing employees and assessing their

---

[1] Utility Trailer presents the facts in the light most favorable to Plaintiff as required for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Utility Trailer adopts this version of the facts only for purposes of summary judgment. The cited deposition testimony, exhibits and affidavits have been filed as exhibits in Defendant's Evidentiary Submission. Depositions are referenced herein by the deponent's name and a page:line reference (e.g., Thomas 4:1). Affidavits are referenced by the affiant's name and a paragraph reference (e.g., Cannon ¶ 2). Utility Trailer's deposition exhibits are referenced as DX [exhibit number].

aptitude. Cannon ¶ 4. When Utility Trailer concluded that they could not fill all the positions internally, they then turned to external applicants. *Id.*

8. The applications were screened by the Human Resource Manager, Marsha Cannon, who is female. Cannon ¶¶ 2, 5. Ms. Cannon selected candidates for interviews based upon their applications. *Id.* at ¶ 5. She conducted the interviews herself and made the hiring decision. *Id.*

9. Cannon did not select Plaintiff's application for interview because the application indicated that Plaintiff lacked any recent welding experience after approximately 1997, and her application also revealed significant unexplained gaps in her employment. Cannon ¶ 9.

10. From October through December 2004, six (6) positions were filled. Cannon ¶ 10 and Ex. A thereto.

11. The successful candidates were selected over Plaintiff because they had more recent welding experience. Cannon ¶ 11 and Ex. A thereto. One applicant, Larry Helms, also listed experience in welding aluminum, a highly desirable skill which is difficult to find, and his application indicated a stable employment history. Cannon ¶ 11 and Ex. A thereto at page D00110.

12. Plaintiff concedes that most of the candidates were either more qualified or at least equally qualified as she. Thomas 155:17-156:21.

13. Larry Helms is the only candidate who Plaintiff contends was less qualified than she. Thomas 152:21-157:3.

**Plaintiff's allegations of retaliation.**

14. In or about 1983, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, alleging that Utility Trailer discriminated against her by failing to admit her to a welding class. Thomas 107:19-109:5. Utility Trailer subsequently allowed Plaintiff to attend the class, which resolved the Charge. *Id.*

15. Cannon was not employed by Utility Trailer at the time Plaintiff filed the EEOC Charge in the 1980's. Thomas 150:17-150:21. Cannon was hired by Utility Trailer on May 3, 2004. *Id.*; Cannon ¶ 2.

16. Cannon was not aware of Plaintiff's prior EEOC Charge or that Plaintiff had previously applied for employment with Utility Trailer at the time she made the hiring decisions for the welding positions in 2004. Thomas 151:2-152:20; Cannon ¶ 13. Cannon's only information was Plaintiff's statement on the application that she had not previously applied. Cannon ¶ 13; Thomas 147:22-148:8; DX 3 at P133.

**Plaintiff's allegations of discrimination.**

17. Plaintiff claims that Utility Trailer discriminated against her because of sex in failing to hire her for the welding position at issue. Thomas 96:1-97:13. Although Plaintiff's Complaint also contained a claim for discrimination on the basis of race, Plaintiff has now abandoned her race discrimination claim. Id.

18. The only other act which Plaintiff claims to be discriminatory was a comment by a former employee of Utility Trailer, that was made in the 1980's. Thomas 112:4-114:12. Plaintiff has no other evidence of any discriminatory comments regarding her sex. Thomas 159:12-159:20.

## ARGUMENT

Plaintiff's Complaint asserts claims for retaliation and sex discrimination.[2] All claims against Utility Trailer are due to be dismissed for the following reasons.

1.   **Retaliation.**

To state a prima facie case of retaliation, Plaintiff must show that (1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) the adverse action was causally related to the protected expression. *See Wideman v. Wal-Mart Stores, Inc.*, 141 F.3d 1453, 1454 (11th Cir. 1998). Plaintiff cannot satisfy the third prong of this test.

Plaintiff's only protected expression was her EEOC Charge, filed in or about 1983. Thomas 107:19-109:5. Cannon, the person who made the hiring decision, did not work for Utility Trailer in the 1980's. Thomas 150:17-150:21; Cannon ¶ 2. Cannon became employed by Utility Trailer in May 2004, only a few months before Plaintiff's application for employment. *Id.* As Plaintiff concedes, Cannon was not aware of Plaintiff's prior EEOC Charge. Thomas 152:2-152:20; Cannon ¶ 13. In fact, Cannon was not even aware that Plaintiff had previously applied for employment with Utility Trailer. Thomas 147:22-148:5; DX 3 at P133; Cannon ¶ 13. Canon's only information was Plaintiff's statement on the application that she had <u>not</u> previously applied. Cannon ¶ 13; Thomas 147:22-148:8; DX 3 at P133.

Thus, Plaintiff cannot establish that her EEOC Charge filed in the 1980's was the reason for Cannon's failure to hire her. *See, e.g., Weston-Brown v. Bank of America*

---

[2]   Although Plaintiff's Complaint also alleges claims for race discrimination (Claims One and Three), Equal Protection (Claim Five), Negligent Training (Claim Six), and Negligence (Claim Seven), Plaintiff abandoned her race discrimination claims (*see* Thomas 96:1-97:13), and the remaining claims were dismissed by the Court on August 28, 2006.

*Corp.*, 167 Fed.Appx. 76, 81 (11th Cir. 2006) (holding that to prove a causal relation, the plaintiff must be able to show that the decisionmaker was actually aware of the protected expression at the time of the adverse employment action); *Bartes v. School Bd. of Alachua County*, 2005 WL 2764744, *3 (11th Cir. 2005) (finding no evidence of retaliation where the decisionmaker was unaware that plaintiff had previously filed an EEOC charge); *Gupta v. Florida Board of Regents*, 212 F.3d 571, 590 (11th Cir. 2000) (similar); *Brungart v. BellSouth Telecommunications, Inc.*, 231 F.3d 791, 799 (11th Cir. 2000) ("A decision maker cannot have been motivated to retaliate by something unknown to him"), *cert. denied*, 532 U.S. 1037 (2001); *Raney v. Vinson Guard Serv., Inc.*, 120 F.3d 1192, 1197 (11th Cir.1997) ("in a case involving a corporate defendant the plaintiff must show that the corporate agent who took the adverse action was aware of the plaintiff's protected expression").

2.  **Sex Discrimination.**

Where the defendant in a discrimination case articulates a legitimate, non-discriminatory reason for its decision, it is entitled to summary judgment unless the plaintiff proffers competent evidence sufficient to create a genuine issue of material fact that the proffered reason was pretext for prohibited discrimination. *Chapman v. Al Transport*, 229 F.3d 1012, 1024-25 (11th Cir. 2000); *Lee v. GTE Florida, Inc.*, 226 F.3d 1249, 1253 (11th Cir. 2000).

Here, Plaintiff was not selected for the position at issue because the successful candidates were all better qualified. Selecting the more qualified candidate for an available position is a legitimate, non-discriminatory reason for the decision. *See*

*Cofield v. Goldkist, Inc.*, 267 F.3d 1264, 1267-1268 (11th Cir. 2001) (affirming summary judgment for employer who selected the candidate it believed was more qualified).

Plaintiff cannot establish pretext by simply asserting that she has superior qualifications. *Matthews v. City of Dothan*, 2006 WL 3742237, *10 (M.D. Ala.) (holding plaintiff's own opinion that she was better qualified is irrelevant). Instead,

> [D]isparities in qualifications must be of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question.

*Cooper v. Southern Co.*, 390 F.3d 695, 732 (11th Cir. 2004); *Brooks v. County Commission of Jefferson County*, 446 F.3d 1160, 1163 (11th Cir. 2006); *Higgins v. Tyson Foods, Inc.*, 196 Fed. Appx. 781, 783 (11th Cir. Aug. 28, 2006).

To prove that her qualifications were substantially superior to those of the other candidates, Plaintiff must do so according to the criteria used by Utility Trailer. *Chapman v. AI Transport*, 229 F.3d 1012, 1030 (11th Cir. 2000) (holding that an employer may select its own criteria for making employment decisions, and a plaintiff must rebut the employer's criteria head on). Where an employer justifies its decision on several, independent grounds, the plaintiff must rebut each reason separately and demonstrate that each is pretextual. *See Combs v. Plantation Patterns*, 106 F.3d 1519, 1538-43 (holding that employer was entitled to judgment as a matter of law where employee rebutted only two of three reasons proffered by an employer regarding why an employee other than the plaintiff was promoted). If the plaintiff fails to rebut each and every reason, the employer is entitled to summary judgment. *Chapman*, 229 F.3d at 1024-25.

Here, Plaintiff cannot meet her burden of showing that no reasonable person could have chosen the candidates who were hired instead of her. Plaintiff's qualifications do not greatly outshine those of the successful candidates for the position. Recent welding experience was the most significant criteria used by the hiring manager, Marsha Cannon, in making the selection decision. (Cannon ¶ 11.) All of the selected candidates except Larry Helms held welding positions within the year prior to the selection decision. (Cannon ¶ 11 and Ex. A thereto.) Plaintiff, by contrast, had not welded since 1997, more than 7 years. (Thomas 149:22-150:3; DX 3 at P133-134.)

Helms is the only person whom Plaintiff contends was less qualified than she. (Thomas 152:21-157:3.) However, Helms' last welding position was 1998, which was still more recent than Plaintiff's last welding job, which (according to her application) ended in or about 1997. (Cannon ¶¶ 10-11 and Ex. A thereto at page D00110.; DX 3 at P133-134.) Helms' application further disclosed that he had unique experience welding aluminum, which is a highly desirable, rare skill. *Id.*; Cannon ¶ 11. Furthermore, Helms' application reflected a stable employment history. *Id.* By contrast, Plaintiff's application failed to disclose any experience welding aluminum, and it showed significant unexplained gaps in her prior employment. (Thomas 150:4-150:16; DX 3 at P133-134; Cannon ¶¶ 7, 9.) Therefore, the decision to select Helms over Plaintiff was reasonable. Thus, Plaintiff cannot show, as she must to survive summary judgment, "that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate[s] selected over the plaintiff for the job in question."

Furthermore, although Plaintiff now claims that she has additional welding experience which was not listed on her application, Utility Trailer was justified in relying

on the only information it had about her qualifications—the information stated on Plaintiff's application. (*See* Cannon ¶ 12.) In evaluating the evidence, the sole question is whether the decisionmakers' assessments were honestly held. *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991) ("our inquiry is limited to whether the employer gave an honest explanation of its behavior"); *Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1187 (11th Cir. 1984) (holding an employer may base its employment decision on erroneous facts).

Moreover, Cannon did not have any motive to consider Plaintiff's sex, because she was the same sex (female) as Plaintiff. (Cannon ¶ 2.) Decision-makers are presumptively unlikely to discriminate against employees of the same sex. *See Welch v. Delta Air Lines, Inc.*, 978 F. Supp. 1133, 1153 (N.D. Ga. 1997) (noting that an employee's burden of proving discrimination is "extremely difficult when the decision makers are in the same protected class as the employee complaining about an adverse employment decision"); *Elrod v. Sears, Roebuck and Co.*, 939 F.2d 1466, 1471 (11th Cir. 1991) (holding decision-makers are unlikely to discriminate against employees in the same protected class).

Plaintiff has conceded that all but one of those hired were as qualified as she, if not more qualified, for the welding position at issue. With regard to the only potential comparator, she offers nothing but her own opinion of her qualifications and ignores the undisputed facts that, according to the criteria selected by Utility Trailer, the comparator was more qualified by more recent welding experience, stable employment history, and unique experience welding aluminum. Plaintiff therefore cannot show pretext.

## CONCLUSION

For all the foregoing reasons, Utility Trailer is entitled to summary judgment as a matter of law.

Respectfully Submitted,

s/Jennifer L. Howard
Albert L. Vreeland, II  ASB-0066-V78A
Jennifer L. Howard  ASB-9511-O68J

OF COUNSEL:
LEHR MIDDLEBROOKS & VREELAND, P.C.
P.O. Box 11945
Birmingham, Alabama 35202-1945
Phone: (205) 326-3002
Fax: (205) 326-3008
E-mail: jhoward@lehrmiddlebrooks.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2007, I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Ms. Jearldean Thomas
405 Highland Drive
Enterprise, AL  36330

s/Jennifer L. Howard
OF COUNSEL

168630