# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEARLDEAN THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NUMBER: |
| v. ) | 1:05cv914-F |
| ) | |
| UTILITY TRAILER MANUFACTURING ) | |
| COMPANY d/b/a UTILITY TRAILER ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## AFFIDAVIT OF MARSHA CANNON

STATE OF ALABAMA )
COUNTY OF COFFEE )

1. My name is Marsha Cannon. I am over twenty-one (21) years of age, and I have personal knowledge of the information contained in this Affidavit.

2. I am the Human Resource Manager for Utility Trailer, Inc. I have held this position since May 3, 2004, when I was first hired to work for Utility Trailer. I am a female.

3. Utility Trailer operates a trailer manufacturing facility in Enterprise, Alabama.

4. In 2004, Utility Trailer initially attempted to fill welding positions internally by training existing employees and assessing their aptitude. When we concluded that we could not fill all the positions internally, we then turned to external applicants.

5. I screened the applications from external applicants. I selected candidates for interview based upon their applications. I conducted the interviews myself and made the hiring decisions.

6. Utility Trailer received a job application for a welding assembly position from Jearldean Thomas dated October 5, 2004. A true and correct copy of Thomas' application is located in Exhibit 3 to the deposition of Jearldean Thomas, at pages P133-134.

7. On her job application, Thomas indicated that she worked at Dorsey Trailers from 1993 to 1999. The application further states, "I was a welder at Dorsey Trailers for 5 years and then I went to Assembly Line." I understood from Thomas' application that she had no welding experience after approximately 1997. Thomas did not indicate on her application that she had any experience in welding aluminum.

8. Thomas indicated on her application that she never applied for work with Utility Trailer previously. At the time I made the hiring decisions for the welder position in 2004, I had no other information to contradict Plaintiff's statement to this effect.

9. I did not select Thomas' application for interview because the application indicated that Thomas lacked any recent welding experience since approximately 1997, and her application also revealed significant unexplained gaps in her employment. The application did not reflect any employment between 1978 and 1985, between 1988 and 1993, nor between 1999 and 2004.

10. From October through December 2004, six (6) welder positions were filled. True and correct copies of the applications for the successful candidates are attached hereto as Exhibit A.

11. In making the selection decisions for the welder positions available in 2004, the most significant criteria I used was recent welding experience. The primary reason I selected the successful candidates over Ms. Thomas was that they each had

more recent welding experience than Ms. Thomas. All of the successful candidates except one had welding experience within the year prior to the selection decision. In addition, I selected Larry Helms, the other applicant, for interview and hire because his application listed experience in welding aluminum, a highly desirable skill which is difficult to find, and his application indicated a stable employment history.

12. At the time I made the hiring decisions for the welder position in 2004, the only information I had about Ms. Thomas' qualifications was the information she stated on her application.

13. During the course of this lawsuit brought by Ms. Thomas against Utility Trailer, I have learned that Ms. Thomas claims to have filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") in the 1980's. At the time I made the hiring decisions for the welder positions in 2004, I was not aware of Ms. Thomas' prior EEOC Charge or that she had previously applied for employment with Utility Trailer. The only information I had at the time of the hiring decisions in 2004 was Ms. Thomas' statement on the application that she had not previously applied for employment with Utility Trailer.

14. In making the hiring decisions for these welding positions, I did not consider any applicant's race or sex. Nor did I consider Ms. Thomas' EEOC Charge, as I was not aware that she had filed one.

15. I declare under penalty of perjury that the foregoing is true and correct.

_Marsha Cannon_ (signature)
Marsha Cannon

_February 9, 2007_
Date

3