# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEARLDEAN THOMAS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UTILITY TRAILER MANUFACTURING )<br>COMPANY d/b/a UTILITY TRAILER )<br>CORPORATION, )<br>)<br>Defendant. ) | CIVIL ACTION NUMBER:<br>1:05cv914-F |

## AFFIDAVIT OF MARSHA CANNON

STATE OF ALABAMA   )
COUNTY OF COFFEE   )

1. My name is Marsha Cannon. I am over twenty-one (21) years of age, and I have personal knowledge of the information contained in this Affidavit.

2. I am the Human Resource Manager for Utility Trailer, Inc. I have held this position since May 3, 2004, when I was first hired to work for Utility Trailer. I am a female.

3. Utility Trailer operates a trailer manufacturing facility in Enterprise, Alabama.

4. In 2004, Utility Trailer initially attempted to fill welding positions internally by training existing employees and assessing their aptitude. When we concluded that we could not fill all the positions internally, we then turned to external applicants.

5. I screened the applications from external applicants. I selected candidates for interview based upon their applications. I conducted the interviews myself and made the hiring decisions.

more recent welding experience than Ms. Thomas. All of the successful candidates except one had welding experience within the year prior to the selection decision. In addition, I selected Larry Helms, the other applicant, for interview and hire because his application listed experience in welding aluminum, a highly desirable skill which is difficult to find, and his application indicated a stable employment history.

12. At the time I made the hiring decisions for the welder position in 2004, the only information I had about Ms. Thomas' qualifications was the information she stated on her application.

13. During the course of this lawsuit brought by Ms. Thomas against Utility Trailer, I have learned that Ms. Thomas claims to have filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") in the 1980's. At the time I made the hiring decisions for the welder positions in 2004, I was not aware of Ms. Thomas' prior EEOC Charge or that she had previously applied for employment with Utility Trailer. The only information I had at the time of the hiring decisions in 2004 was Ms. Thomas' statement on the application that she had not previously applied for employment with Utility Trailer.

14. In making the hiring decisions for these welding positions, I did not consider any applicant's race or sex. Nor did I consider Ms. Thomas' EEOC Charge, as I was not aware that she had filed one.

15. I declare under penalty of perjury that the foregoing is true and correct.

Marsha Cannon

February 9, 2007
Date

6. Utility Trailer received a job application for a welding assembly position from Jearldean Thomas dated October 5, 2004. A true and correct copy of Thomas' application is located in Exhibit 3 to the deposition of Jearldean Thomas, at pages P133-134.

7. On her job application, Thomas indicated that she worked at Dorsey Trailers from 1993 to 1999. The application further states, "I was a welder at Dorsey Trailers for 5 years and then I went to Assembly Line." I understood from Thomas' application that she had no welding experience after approximately 1997. Thomas did not indicate on her application that she had any experience in welding aluminum.

8. Thomas indicated on her application that she never applied for work with Utility Trailer previously. At the time I made the hiring decisions for the welder position in 2004, I had no other information to contradict Plaintiff's statement to this effect.

9. I did not select Thomas' application for interview because the application indicated that Thomas lacked any recent welding experience since approximately 1997, and her application also revealed significant unexplained gaps in her employment. The application did not reflect any employment between 1978 and 1985, between 1988 and 1993, nor between 1999 and 2004.

10. From October through December 2004, six (6) welder positions were filled. True and correct copies of the applications for the successful candidates are attached hereto as Exhibit A.

11. In making the selection decisions for the welder positions available in 2004, the most significant criteria I used was recent welding experience. The primary reason I selected the successful candidates over Ms. Thomas was that they each had

2

Statements from Ms. Marsha Cannon's Affidavit

   Statement #7 of Marsha Cannon's affidavit states: she did not hire me because I only had five (5) years of welding. Mr. Helms states on his application he had four (4) years of welding experience. The other jobs he listed, Goodson Tire, C & C, and Fred's Auto, not anywhere on any of these three jobs did he state that he was a welder. He was a mechanic. He worked on cars, if he did any welding on the cars he fixed were very little to none. On the front of his application he said "I've welded for 8 years on forklifts." Where? His application said he welded at Nasco, he built forklifts from 1995 to 1998. That is only four years. Where did he weld the other four, Ms. Cannon? I stated on my application that I had experience welding forklifts also.
   Statement #9 states she did not select my application for interview because I lacked any recent welding experience since 1997. Mr. Larry Helms is 1998. My welding experience is just as recent as his. When I worked at Dorsey Trailers I welded on trailers. Mr. Helms has not, which by itself should have made me a better candidate for the job than Mr. Helms. Ms. Cannon states my application also revealed significant gaps in my employment. Garwood Inc. from 1976 to 1978, Enterprise Forklifts from 1985 to 1988, Personnel Resources from September 1996 to December 1996, Dorsey Trailers from 1993 to 1999 (actually I started as a welder at Dorsey Trailers in 1990).
   Statement #10 – Ms. Cannon states on her affidavit that from October through December 2004, six (6) welder positions were filled. My evidence states that there were seven (7). The list is included in Exhibit A.
   Statement #11 – Ms. Cannon states on her affidavit that the most significant criteria she used was recent welding experience. She selected Larry Helms for hire over myself, because his application listed experience in welding aluminum, a highly desirable skill. On Mr. Helms's application his experience welding aluminum amounts to welding exhaust pipes that he installed in cars. He said that on his application. It is a stretch from welding aluminum pipes on a car to aluminum floors in a trailer. The two don't even come close. Mr. Helms's recent welding experience is from 1995 to 1998 at a place called Nasco, four years. My experience was from Dorsey Trailers from 1993 to 1997, five years of welding on trailers, the same kind of work that they do at Utility Trailers, the very same thing.
   Statement #12 – Ms. Cannon states on her affidavit that at the time she made the hiring decision for the welder position in 2004, the only information I had about Ms. Thomas's qualifications was the information she stated on her application. And if that was true, I would have gotten hired right along with Mr. Helms, because my welding experience is just as recent as his. I have more, and I am experienced in welding on trailers.
   Statement #13 – If this statement is to be believed, without knowing, I filed a complaint against Utility Trailers in the 1980s. She would have looked at my job application and experience, as a welder on trailers. Because looking at Mr. Helms's application, his three (3) most recent jobs were not as a welder but a mechanic. She would at least have called me in for an interview.
   Statement #14 – Ms. Cannon stated on her affidavit that she did not consider any applicant's race or sex. And yes, I believe she did consider the fact that I am a woman. Look

at the welding experience on my application and look at the welding experience on his application. I should have at least have been called in for an interview, just like Mr. Helms who is male.