IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JEARLDEAN THOMAS,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**UTILITY TRAILER MANUFACTURING** )<br>**COMPANY d/b/a UTILITY TRAILER** )<br>**CORPORATION,** )<br>)<br>**Defendant.** ) | CIVIL ACTION NUMBER:<br>1:05cv914-F |

## MOTION TO STRIKE

Defendant Utility Trailer Manufacturing Company (hereafter "Utility Trailer") requests that the Court strike pages 4 - 5 of Exhibit D to *Plaintiff's Evidentiary Submission in Response to Defendant's Motion for Summary Judgment*. These pages contain documents never produced, not authenticated, and which do not even cover the period at issue. As grounds for this motion, Defendant shows the following:

1. <u>Plaintiff Failed to Disclose the Documents In Discovery</u>.

In support of her *Response*, Plaintiff attached documents which apparently purport to be a job listing with the Alabama JobLink for the position of MIG Welder with Utility Trailer. (Ex. D to Plaintiff's Evidentiary Submission, pages 4 - 5.) Plaintiff failed to produce the documents in question as a part of her *Rule 26 Initial Disclosures*, which were due June 16, 2006. (¶ 2, Report of Parties' Planning Meeting.) Nor did she produce them in response to *Defendant's Request for Production of Documents*, which sought, *inter alia*, the following:

> 22. Copies of each and every document and or item of physical evidence which Plaintiff intends to offer at the trial of this case.

(Exhibit A, Plaintiff's Answer to Request for Production of Documents.)

Further, Plaintiff failed to identify the documents in her deposition:

> Q. Now, Ms. Thomas, I am marking a collection of documents that are Bates labeled P1 through P138, and I represent to you that these are the documents that I received in the mail from you in response for my request for production of documents. And I'll ask you to look at that and tell me whether you recognize that set of documents as a complete set of all the documents that you've produced in this case. (Whereupon, Defendants Exhibit 3 was marked for identification and copy of same is attached [to the deposition transcript].)
>
> A. Uh-huh.
>
> Q. Is that a yes?
>
> A. Yes.
>
> . . .
>
> Q. . . . Do you know of any other documents or tape recordings or anything that might concern your claims in this case other than the documents in the Defendant's Exhibit 3?
>
> A. No, I have no documents, no recordings, no documents, no recordings other than what I have sent.

(Exhibit B, Thomas 13:7-14:1; 26:1-26:8.) In fact, Plaintiff did not reveal the existence of these documents at all until she filed her response to Defendant's Motion for Summary Judgment.

Rule 26(a)(1)(B) of the Federal Rules of Civil Procedure requires a party to make initial disclosures of all documents that the party intends to use to support its claims or defenses. Fed. R. Civ. P 26(a)(1)(B); *See also Dixon v. Bankhead*, No. 4:00CV344-WS, 2000 WL 33175440, at *1 (N.D. Fla. Dec. 20, 2000) (requiring compliance with Rule 26 initial disclosures). Rule 26(e) requires a party to seasonably supplement its disclosures or responses to discovery requests with any additional information

2

thereafter acquired. Fed. R. Civ. P 26(e). If a party fails to disclose such information, or to supplement its disclosures or discovery responses as required by Rule 26(e), that party is not permitted to use it as evidence:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence. . . information not so disclosed.

Fed. R. Civ. P. 37(c)(1); *See also Cooper v. Southern Co.*, 390 F.3d 695, 728 (11th Cir. 2004) (affirming decision to sanction party for non-compliance with initial disclosure requirement).

As Plaintiff never disclosed these documents, Rule 37(c)(1) dictates that Plaintiff be precluded from using those documents as evidence. FRCP 37(c)(1). *See also KW Plastics v. U.S. Can Co.*, 199 F.R.D. 687, 690 (M.D. Ala. 2000) ("A court has little choice but to issue sanctions for discovery violations, unless the party can show that its violation was either justified or harmless.") (internal quotations omitted); *Burney v. Rheem Mfg. Co.*, 196 F.R.D. 659, 683-93 (M.D. Ala. 2000) (excluding plaintiff's evidence as sanctions for failing to make proper initial disclosures).

    2.    <u>The Documents Are Not Properly Authenticated</u>.

The documents are further due to be stricken because they have not been properly authenticated by affidavit. Fed. R. Civ. P. 56(e) requires the party resisting a motion for summary judgment to set forth specific facts showing that a genuine issue for trial exists "by affidavits or as otherwise provided in this rule." It is well settled that unauthenticated documents cannot be considered on a motion for summary judgment. In order to be considered by the court, documents must be authenticated by and attached to an affidavit that meets the requirements of Fed. R. Civ. P. 56(e). *Canada v.*

*Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987) (refusing to consider unauthenticated documents in opposition to motion for summary judgment); *see generally* Moore's Federal Practice, §56.10[4][c] (stating that extra-record documents which are not self-authenticating must be introduced by affidavit to be considered in support or opposition to a motion for summary judgment). Factual assertions by a party regarding the contents of documents may not be considered in opposition to a motion for summary judgment. S*ee Nieves ex rel. Nieves v. University of P.R.*, 7 F.3d 270, 280 (1st Cir. 1993) (refusing to consider counsel's statements regarding the contents of a contract in opposing summary judgment).

Here, there is no evidence to indicate who created the document or from where the documents were obtained. Thus, the documents on which Plaintiff relies should be stricken on this basis.

3. <u>The documents contain inadmissible hearsay</u>.

The statement in the documents upon which Plaintiff relies, i.e., the assertion that Utility Trailer required candidates for the job to have 12 months' welding experience, is inadmissible hearsay. Although the document itself purports to be a job listing with the Alabama JobLink, the alleged job requirement is allegedly based on an out-of-court statement by an unidentified person. *See* FRE 801(c) (providing that hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.") Hearsay is not admissible unless the representations are subject to an exception to the hearsay rule provided by either Rules 803 or 804. *See* Fed. R. Evid. 802, 803 and 804. Plaintiff has not demonstrated any applicable exception.

The Court may not consider inadmissible hearsay when deciding a motion for summary judgment. *Macuba v. DeBoer*, 193 F.3d 1316, 1322 (11th Cir. 1999) ("The general rule is that inadmissible hearsay cannot be considered on a motion for summary judgment."); *Reeves v. Thigpen*, 879 F. Supp. 1153, 1164-66 (M.D. Ala. 1995) (striking portions of plaintiff's affidavit and granting Defendants' motions for summary judgment in part); *Damon v. Fleming Supermarkets of Florida, Inc.*, 196 F.3d 1354, 1359 n.1 (11th Cir. 1999) (refusing to consider inadmissible hearsay as evidence of discrimination). Therefore, the Court should strike the documents as inadmissible hearsay and refuse to consider them in opposition to *Defendant's Motion for Summary Judgment*.

4.   The Documents Are Irrelevant.

On their face, the documents state that they were created February 23, 2006, and were updated March 12, 2007. Plaintiff relies on these documents as evidence of the job requirements for the welding position that she claims she was discriminatorily denied in October 2004. (Plaintiff's Evidentiary Submission, p. 22.) There is no evidence or logical basis to support any inference that the requirements for any alleged opening in 2006/2007 were the same as the job requirements in 2004. Thus, even if these documents were shown to establish the job requirements for a position open in 2006 or 2007 (which they do not – see below), such would be irrelevant to the issue pending in <u>this</u> case -- specifically, the requirements for the position available in 2004 when Plaintiff applied. The only admissible evidence in the record regarding the requirements for the position available in 2004 were stated in the affidavit of Marsha Cannon, attached as Exhibit A to the *Defendant's Evidentiary Submission*.

Because the documents relied on by Plaintiff are irrelevant to any issue in this case, they are inadmissible and should be stricken. See FRE 402 (providing irrelevant evidence is inadmissible); FRCP 56(e) (providing that submissions in opposition to a motion for summary judgment shall set forth such facts as would be admissible in evidence); *Cottle v. Storer Communications*, 849 F.2d 570, 575 (11th Cir. 1998) (holding that Plaintiff must demonstrate a genuine issue of material fact "in the context of any substantive evidentiary burdens of proof that would apply at a trial on the merits.")

For the foregoing reasons, Defendant requests that the Court strike pages 4 - 5 of Exhibit D to *Plaintiff's Evidentiary Submission in Response to Defendant's Motion for Summary Judgment*. Defendant further requests that the Court refrain from considering said materials in opposition to Defendant's *Motion for Summary Judgment*.

Respectfully Submitted,

s/ Jennifer L. Howard
Albert L. Vreeland, II  ASB-0066-V78A
Jennifer L. Howard  ASB-9511-O68J

OF COUNSEL:
LEHR MIDDLEBROOKS & VREELAND, P.C.
P.O. Box 11945
Birmingham, Alabama  35202-1945
Phone:  (205) 326-3002
Fax:  (205) 326-3008
E-Mail:  jhoward@lehrmiddlebrooks.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2007, I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Ms. Jearldean Thomas
405 Highland Drive
Enterprise, AL  36330

s/Jennifer L. Howard
OF COUNSEL

173567