IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JEARLDEAN THOMAS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NUMBER: |
| | ) 1:05cv914-F |
| | ) |
| **UTILITY TRAILER MANUFACTURING** | ) |
| **COMPANY d/b/a UTILITY TRAILER** | ) |
| **CORPORATION,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

**DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

Defendant Utility Trailer Manufacturing Company (hereafter "Utility Trailer"), submits this reply in further support of its Motion for Summary Judgment.

**Summary**

To avoid summary judgment, Plaintiff does not – as she must – show that she was so much more qualified that no reasonable person could have chosen the successful candidates over her. She instead misstates or mischaracterizes the facts and implicitly challenges the criteria used in the selection, a challenge the law does not permit.

Specifically, she fails to rebut Utility Trailer's primary reason for selecting the successful candidates over her — more recent welding experience. Plaintiff attempts to gloss over the fact that her October 2004 application listed no welding experience since 1997, disclosed no employment between 2000 and 2003, and showed other significant gaps in employment. Rather, Plaintiff emphasizes that some of the selected candidates were not in the workforce as long as she and that Plaintiff had more overall welding

experience (prior to 1997) than some of the candidates. However, Plaintiff fails to show any evidence to challenge the veracity of Utility Trailer's stated reason for its decision, which emphasized candidates' more recent welding experience over their total welding experience. In the absence of such a showing, Defendant is entitled to summary judgment as a matter of law.

### Defendant's Reply to Plaintiff's Unnumbered Factual Assertions

Plaintiff's assertions are not based on the evidentiary record and therefore do not create a dispute of fact, material or otherwise.[1]

<u>Page 1.</u>    Plaintiff's assertions are mere speculation.

<u>Page 11:</u>

<u>Statement #7:</u> Plaintiff misstates the facts. Plaintiff's relative length of welding experience was not listed by Marsha Cannon as a reason why she was not hired. *See* Cannon Aff. ¶ 7. The remaining assertions concerning the experience of Mr. Helms are mere speculation. *See* Thomas 157:4-157:10 (stating that she had no knowledge about any of the applicants' qualifications other than the information stated on their applications).

<u>Statement #9:</u>    Plaintiff misstates the facts. Larry Helms' welding experience was more recent than Plaintiff's. *See* Ex. A to Cannon Aff. at D00110 (Helms worked as a welder through 1998); Cannon Aff. ¶ 7 (Plaintiff's last welding job ended in or about 1997).

---

[1]    As Plaintiff sprinkles factual assertions throughout her unnumbered 45-page submission and fails to number any of them, Defendant refers to each assertion by reference to the page as if the pages were numbered sequentially.

2

Statement #10: Defendant submitted the applications of all seven of the successful candidates who were hired from October through December 2004 and stated the reasons for their selection. *See* Cannon Aff. ¶¶ 10-11; Ex. A to Cannon Aff.

Statements #11 - 14: Plaintiff's assertions are mere speculation.

Page 15: Plaintiff mischaracterizes the facts by suggesting that Mr. Snell had gaps in his employment history. In fact, Mr. Snell's application indicates stable employment since at least 1993 and reveals no unexplained gaps in employment. *See* Ex. A to Cannon Aff. at D00114.

Page 19: Plaintiff mischaracterizes the facts by suggesting that Mr. Bottoms had gaps in his employment history. In fact, Mr. Bottoms' application indicates stable employment since at least 1997 and reveals no unexplained gaps in employment. *See* Ex. A to Cannon Aff. at D00117.

Page 22: Plaintiff misstates the facts by asserting that twelve months' experience as a mig welder was a job requirement. There is no evidence of any such requirement. (See below, in response to Plaintiff's assertions on page 43.) Plaintiff also mischaracterizes the facts by suggesting that the overall length of the applicants' work history was a factor in Utility Trailer's selection. Such is not the case. *See* Cannon Aff. ¶ 11 (stating the selection decisions were based on applicants' recent welding experience, stable employment history, and experience welding aluminum).

Page 25: Plaintiff misstates the facts by asserting that Mr. Silavent had no work history. As she admits elsewhere on the same page, he had recent welding experience for over two years between April 2002 and September 2004. Further, Mr. Silavent's qualifications are irrelevant. Defendant could not have discriminated against

Plaintiff in favor of Mr. Silavent, as he was hired before Plaintiff submitted her application on October 5, 2004. See Plaintiff's Evidentiary Submission at p. 6.

Page 31: Plaintiff mischaracterizes the facts by suggesting that Mr. Cawley had gaps in his employment history. In fact, Mr. Cawley's application indicates stable employment since at least 1983 and reveals no unexplained gaps in employment. See Ex. A to Cannon Aff. at D00104.

Page 32: Plaintiff mischaracterizes the facts by suggesting that the overall length of the applicants' work history was a factor in Utility Trailer's selection. Such is not the case. See Cannon Aff. ¶ 11 (stating the selection decisions were based on applicants' recent welding experience, stable employment history, and experience welding aluminum).

Page 40: Plaintiff mischaracterizes the facts by suggesting that Mr. Sutherland had gaps in his employment history. In fact, Mr. Sutherland's application indicates stable employment since at least 1999 and reveals no unexplained gaps in employment. See Plaintiff's Evidentiary Submission at pp. 41-42. Plaintiff's assertions regarding the length of Mr. Sutherland's welding experience or his job duties in the positions listed on his resume are without any basis in fact. See Thomas 157:4-157:10 (stating that she had no knowledge about any of the applicants' qualifications other than the information stated on their applications). Plaintiff further misstates the facts by asserting that twelve months' experience as a mig welder was a job requirement. There is no evidence of any such requirement. (See below, in response to Plaintiff's assertions on page 43.) Further, Mr. Sutherland's qualifications are irrelevant. Defendant could not have discriminated against Plaintiff in favor of Mr. Sutherland, as

he was hired before Plaintiff submitted her application on October 5, 2004. *See* Plaintiff's Evidentiary Submission at p. 6.

Page 43: Plaintiff submits an unauthenticated document which, on its face, purports to have been initially created February 23, 2006, and updated March 12, 2007. Even if this document were admissible (which it is not, as it is unauthenticated and was not produced by Plaintiff in discovery), there is no evidence that any job requirement for a job listing in 2006 or 2007 were the same as the job requirements that were applicable in 2004 when the hiring decisions at issue were made. Defendant moves to strike the document for these reasons. (See Defendant's *Motion to Strike*, filed contemporaneously herewith.)

## Legal Analysis

I.   Retaliation.

Plaintiff offers no argument regarding her claim of retaliation and makes no effort whatsoever to rebut Utility Trailer's grounds for summary judgment on the claim. Accordingly, the claim is deemed abandoned. *See, e.g., Road Sprinkler Fitters Local Union No. 669 v. Independent Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir. 1994) (holding that a district court can "properly treat as abandoned a claim alleged in the complaint but not even raised as a ground for summary judgment") (citing *Lazzara v. Howard A. Esser, Inc.*, 802 F.2d 260, 269 (7th Cir. 1986) (holding that a ground not pressed in opposition to a motion for summary judgment is to be treated by the district court as abandoned)).

II.   Sex Discrimination.

Plaintiff cannot survive summary judgment because she has not shown pretext. The Eleventh Circuit has set an extremely high standard for proving pretext in hiring

cases. It is not enough to show that a plaintiff is equally or even better qualified than the successful candidate. *Cofield v. Goldkist, Inc.*, 267 F.3d 1264, 1268 (11th Cir. 2001). Instead, to meet her burden, Plaintiff must show that disparities in qualifications are so great "that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." *Cooper v. Southern Co.*, 390 F.3d 695, 732 (11th Cir. 2004); *Brooks v. County Commission of Jefferson County,* 446 F.3d 1160, 1163 (11th Cir. 2006); *Higgins v. Tyson Foods, Inc.*, 196 Fed. Appx. 781, 783 (11th Cir. Aug. 28, 2006).

Plaintiff never even attempts to show that she is vastly more qualified than the successful candidates. In order to prove that her qualifications were substantially superior to those of the other candidates, Plaintiff must do so according to each of the criteria selected by Utility Trailer. *Chapman v. AI Transport*, 229 F.3d 1012, 1016-1030 (11th Cir. 2000) (holding an employer may select its own criteria for making employment decisions, and a plaintiff must rebut the employer's criteria head on); *Combs v. Plantation Patterns*, 106 F.3d 1519, 1539-42 (11th Cir. 1997) (to avoid summary judgment, a plaintiff must rebut each of the reasons offered by the employer). Plaintiff fails to establish superior qualifications because her argument is based on criteria she selected rather than the criteria selected by Utility Trailer.

The record is uncontradicted that the decisionmaker, Marsha Cannon, primarily considered candidates' recent welding experience. Plaintiff apparently concedes that she had no welding experience within the seven year period prior to the selection decisions at issue. She also does not dispute that all but one of the successful candidates had welding experience within the year prior to the selection decision.

Rather, she quibbles only that the welding experience of one candidate – Larry Helms – was only one year more recent than hers. Plaintiff does not – and cannot – dispute that Mr. Helms had more recent welding experience than she. Further, Plaintiff does not even attempt to establish that she had any qualifications to rival the secondary reasons why Mr. Helms was selected: his unique experience in welding aluminum and his stable employment history.

Plaintiff, in contrast, had significant unexplained gaps in her employment history. Her application listed no experience welding aluminum and listed <u>no</u> employment in the years 2000 - 2003, 1989 - 1992, and 1979 - 1984. *See* Thomas 150:4-150:16; DX 3 at P133-134; Cannon Aff. ¶ 9.

Rather than rebutting Utility Trailer's reasons head-on, as she is required to do, Plaintiff asserts that she was a more qualified candidate for reasons more to her own liking: (1) she had been in the workforce longer than some of the selected candidates, and (2) she had more pre-1997 welding experience than some of the applicants. However, Plaintiff cannot question Utility Trailer's wisdom in choosing to emphasize the candidates' more recent experience rather than their overall experience. *See Combs v. Plantation Patterns*, 106 F.3d 1519 (11th Cir. 1997) (a plaintiff may not question the wisdom of the employer's reasons where the reason is one that might motivate a reasonable employer). *See also Cofield v. Goldkist, Inc.*, 267 F.3d 1264, 1269 (11th Cir. 2001) ("We will not second guess [the employer's] decision to emphasize qualifications over length of service."); *Nix v. WLCY Radio/Rahall Communications,* 738 F.2d 1181, 1187 (11th Cir. 1984) ("The employer's stated legitimate reason . . . does not have to be a reason that the judge or jurors would act on or approve"); *Miller v. Bed, Bath &*

7

*Beyond, Inc.*, 185 F. Supp.2d 1253, 1271 (N.D. Ala. 2002) (holding plaintiff did not show pretext by arguing that the promotion decision should be based upon service time rather than other qualities chosen by the employer).

Plaintiff further attempts to obfuscate the issues by pointing to an unauthenticated, previously undisclosed document which purports to establish a job requirement of 12 months' welding experience for a welding position at Utility Trailer. The document, on its face, purports to have been created February 23, 2006, and updated March 12, 2007. Setting aside the evidentiary and procedural issues which would preclude admission of this document into evidence (see above), quite simply the document is irrelevant to any issue in this case. Whatever requirements may have been published for job openings in 2006 or 2007, such would be irrelevant to the job requirements for the opening at issue in 2004.

Accordingly, Plaintiff has failed to establish pretext.

## Conclusion

For all of the foregoing reasons, Utility Trailer prays this Court to enter summary judgment in its favor on all claims of Plaintiff.

Respectfully Submitted,

s/ Jennifer L. Howard
Albert L. Vreeland, II  ASB-0066-V78A
Jennifer L. Howard  ASB-9511-O68J

OF COUNSEL:
LEHR MIDDLEBROOKS & VREELAND, P.C.
P.O. Box 11945
Birmingham, Alabama 35202-1945
Phone: (205) 326-3002
Fax: (205) 326-3008
E-Mail: jhoward@lehrmiddlebrooks.com

## CERTIFICATE OF SERVICE

    I hereby certify that on April 2, 2007, I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

        Ms. Jearldean Thomas
        405 Highland Drive
        Enterprise, AL  36330

                s/Jennifer L. Howard
                OF COUNSEL

173485