IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JEARLDEAN THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:05CV914- |
| | ) | MEF |
| | ) | |
| UTILITY TRAILER | ) | |
| MANUFACTURING COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE
AND ORDER ON MOTION**

Currently pending before the undersigned Magistrate Judge is Defendant Utility Trailer Manufacturing Company's Motion for Summary Judgment (Doc. #37, #38, #39, #45) as well as Defendant's Motion to Strike pages 4 and 5 of Plaintiff's Exhibit D (Doc. #44). Upon consideration of Defendant's motion for summary judgment, the Magistrate Judge RECOMMENDS that the motion be GRANTED. The undersigned further DENIES the motion to strike as MOOT.

**I.     BACKGROUND**

On September 28, 2005, Plaintiff Jearldean Thomas (Plaintiff or Thomas) commenced this action against Utility Trailer Manufacturing Company (Utility Trailer or Defendant). Compl. at 1. Plaintiff's Complaint alleges seven counts, three of which the

Court previously dismissed. Compl. at 7-11; Doc. #32, #34, #35.[1] Of the remaining claims, Plaintiff asserts sex discrimination as well as retaliation as the grounds for damages in Counts Two and Four. Compl. at 7-9. Plaintiff seeks relief pursuant to 42 U.S.C. §§ 2000e, 2000e-3(a) (2000). Id. Plaintiff's claims and Defendant's motion for summary judgment arise out of the following undisputed facts.

In or around 1983, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) against Utility Trailer. Def.'s Exh. 2 (Doc. #39-4) at 108 (indicating the charge may have been filed in 1983). Marsha Cannon (Cannon), Defendant's Human Resources Manager and the individual responsible for making the hiring decisions at issue, did not know about this charge at the time she made those decisions in 2004. Plf.'s Exh. B (Doc. #43-3) at 1, 3; Def.'s Exh. 1 (Doc. #39-1) at 1, 3; Def.'s Exh. 2 (Doc. #39-5) at 151-52.

On October 5, 2004, Plaintiff completed an employment application for a welding position at Defendant's Enterprise location. Plf.'s Exh. A (Doc. #43-2) at unnumbered

---

[1] In support of Defendant's motion for summary judgment, Defendant filed part of Plaintiff's deposition testimony. While testifying, Plaintiff repeatedly admitted that her discrimination claims were based on gender, not race. Def.'s Exh. 2 (Doc. #39-4) at 96 (answering "it [has] never been based on race" and "no" to the question "are [you] claiming race discrimination in this lawsuit?"). Because Plaintiff's concession explicitly indicates her intent to abandon her race discrimination claim (Count One) and her § 1981 claim based on race discrimination and retaliation (Count Three). See Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995) ("[T]he onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned."); Compl. at ¶¶ 4-17. The undersigned accordingly recommends that Counts One and Three are dismissed.

page 2; Plf.'s Exh. C (Doc. #43-4) at unnumbered pages 28-29; Def.'s Exh. 2A (Doc. #39-6); Def.'s Exh. 2 (Doc. #39-6) at 116-17. On her application, Plaintiff indicated that she had never applied for work at Utility Trailer previously. Plf.'s Exh. C (Doc. #43-4) at unnumbered pages 28-29; Def.'s Exh. 2A (Doc. #39-6). She also provided her employment history, indicating that she worked at: (1) Garwood Industry from 1976 to 1978 as a welder; (2) Enterprise Fork Lifts from 1985 to 1988 as a welder; (3) Dorsey Trailer from July 1993 to November 1999 as a welder for five years and then on the assembly line; (4) an individual's home from July 2004 to October 2004 as a care provider; and (5) Veliable from September 2004 to December 2004 as an assembly worker. Id. Plaintiff submitted the application to a receptionist, as Cannon was out of town. Plf.'s Exh. A (Doc. #43-2) at unnumbered page 2; Def.'s Exh. 2 (Doc. #39-4) at 120-21. The receptionist informed Plaintiff of this fact and told Thomas to call Cannon the following week. Id.

Thomas then went to the Alabama State Employment Service (ASES) to review posted openings. Plf.'s Exh. A (Doc. #43-2) at unnumbered page 2; Def.'s Exh. 2 (Doc. #39-4) at 117. Marsha, an employee of the ASES, gave Thomas a card to submit to Utility Trailer with her employment application. Id. Plaintiff returned to Utility Trailer and gave the receptionist the card. Id. The receptionist indicated she would place the card with Thomas' application. Plf.'s Exh. A (Doc. #43-2) at unnumbered page 2.

Plaintiff called Cannon the following week. Plf.'s Exh. A (Doc. #43-2) at

unnumbered page 2; Def.'s Exh. 2 (Doc. #39-4) at 121-22. Cannon indicated that she had not completed her review of the applications and told Thomas to call back later. Plf.'s Exh. A (Doc. #43-2) at unnumbered page 2; Def.'s Exh. 2 (Doc. #39-4) at 123. Several days later, Thomas called Cannon again to check on her application's status. Def.'s Exh. 2 (Doc. #39-4) at 124. Cannon informed Thomas that she was in the process of reviewing the applications, and Thomas indicated she would call Cannon back. Id. A few days later, Thomas either called Cannon or went into Utility Trailer to speak with Cannon to discuss her application. Plf.'s Exh. A (Doc. #43-2) at unnumbered page 2; Def.'s Exh. 2 (Doc. #39-4) at 125, 127, 135. Cannon informed Thomas that Utility Trailer had decided to fill the welding positions internally. Id.[2] A short time later, Thomas went back to the ASES, where Marsha informed her that someone from Utility Trailer had placed an order for welders. Plf.'s Exh. A (Doc. #43-2) at unnumbered page 3; Def.'s Exh. 2 (Doc. #39-4) at 126, 128. Thomas returned to Utility Trailer to question Cannon about her application. Plf.'s Exh. A (Doc. #43-2) at unnumbered page 3; Def.'s Exh. 2 (Doc. #39-

---

[2]Plaintiff submitted a letter indicating the factual chronology of events in this case. While her letter mostly mirrors her deposition testimony, there are some immaterial discrepancies. Fed. R. Civ. P. 56(c)("The mere existence of some factual dispute will not defeat summary judgment unless the factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact). For instance, her letter indicates that during her second phone call, not the third, Cannon indicated that Utility Trailer desired to fill the positions internally. Another example includes Thomas indicating that she went into Utility Trailer before speaking to Cannon on the telephone for the first time and was told Cannon had not returned yet to the office. The exact number of telephone calls made to or the numbers of days between discussions with Cannon about Thomas' application have no bearing on the legal issues presented, as Plaintiff's claims do not rest on these particular facts.

4) at 129, 143. Cannon responded that she already had discussed Thomas' application with her and Cannon would call Thomas if the situation changed. Plf.'s Exh. A (Doc. #43-2) at unnumbered page 3; Def.'s Exh. 2 (Doc. #39-4) at 143-44. Thomas left Utility Trailer after announcing that she felt the company had discriminated against her. Plf.'s Exh. A (Doc. #43-2) at unnumbered page 3; Def.'s Exh. 2 (Doc. #39-4) at 144. In November 2004, Thomas filed another Charge of Discrimination with the EEOC against Utility Trailer. Def.'s Exh. 2 (Doc. #39-4) at 109.

From July 8, 2004, to November 18, 2004, Utility Trailer received applications from, interviewed and hired 10 male candidates as welders. Plf.'s Exh. D (Doc. #43-5) at unnumbered page 3. Three of the 10 candidates applied and were hired before Plaintiff submitted an application. Id. Nine of the 10 successful applicants had listed welding experience within the previous year from their date of hire. Plf.'s Exh. C (Doc. #43-4); Def.'s Exh. 1A (Doc. #39-3). The tenth candidate, Larry Helms, indicated on his employment application that he worked at: (1) Kenny's Tire Auto welding exhaust from 1995 to 1997; (2) NASCO as a welder from 1995 to 1998; (3) C &C as a "teck" from February 1999 to December 2003; (4) Fred's Auto as a car repairman from December 2003 to June 2004; and (5) Goodson Tire as a "teck" from June 2004 through the date of his application–October 20, 2004. Plf.'s Exh. A (Doc. #43-2) at unnumbered page 5; Def.'s Exh. 1A (Doc. #39-3) at unnumbered page 15. It also provided that he had experience welding aluminum. Id.

5

## II.  STANDARD OF REVIEW

In considering Defendant's motion for summary judgment, Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  This standard can be met by the moving party, in cases where the moving party bears the burden of proof at trial, by submitting affirmative evidence establishing every element of the moving party's claim.  All the evidence, and the inferences drawn therefrom, must be viewed in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

With respect to issues (such as affirmative defenses when the plaintiff is the moving party) for which the nonmoving party bears the burden of proof at trial, the moving party may present evidence negating an essential element of the nonmoving party's claim or by demonstrating that the nonmoving party's evidence itself is insufficient to establish an essential element of his claim.  An issue of fact is "material" if under the applicable substantive law, it might affect the outcome of the case.  Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir. 2004) (internal citations omitted).  In either case, the burden then shifts to the nonmoving party to present evidence showing that there is a genuine issue of material fact.  See Castleberry v. Goldome Credit Corp., 408 F.3d 773, 785-86 (11th Cir. 2005).  To satisfy this burden, the

nonmoving party cannot rest on the pleadings, but must, by affidavit or other means, set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). The moving party bears "the exacting burden of demonstrating that there is no dispute as to any material fact in the case," Warrior Tombigbee Transport Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir. 1983), and that it is entitled to judgment as a matter of law. See Keel v. United States Dep't of Air Force, 256 F. Supp. 2d 1269, 1291 (M. D. Ala. 2003)

## III.   DISCUSSION

### A.   Retaliation

Thomas claims that Utility Trailer retaliated against her for filing a Charge of Discrimination with the EEOC in which she complained of discrimination in or around 1983.

> To establish a prima facie case of retaliation, [an employee] must show: (1) she engaged in protected activity; (2) her employer was aware of that activity; (3) she suffered adverse employment action; and (4) there was a causal link between her protected activity and the adverse employment action.

Maniccia v. Brown, 171 F.3d 1364, 1369 (11th Cir. 1999) (citing Little v. United Tech., 103 F.3d 956, 959 (11th Cir. 1997)).

While Utility Trailer does not dispute that Thomas satisfied the first and third elements of her *prima facie* case, Defendant argues that during the hiring process, Cannon, who commenced her employment with Utility Trailer in 2004, was not aware of

Plaintiff's EEOC charge filed in or around 1983. Def.'s Mot. Sum. J. at 5. The Court finds that Thomas has failed to establish a *prima facie* case of retaliation because she has no evidence of any causal link between any protected activity and the company's decision not to hire Thomas in October 2004. See, e.g., Goldsmith v. City of Atmore, 996 F.2d 1155, 1163 (11th Cir. 1993) (stating that to prevail on a retaliation claim, a plaintiff must establish the requisite causal connection between her statutorily protected conduct and the adverse employment action); Gaddis v. Russell Corp., 242 F. Supp. 2d 1123, 1146-47 (M. D. Ala. 2003), aff'd without opinion, 88 Fed. Appx. 385 (11th Cir. 2003) (same).

"To establish a causal connection, a plaintiff must show that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated." Shannon v. BellSouth Telecomms. Inc., 292 F.3d 712, 716 (11th Cir. 2002) (quotation marks and citation omitted). "Close temporal proximity between the protected activity and the adverse action may be sufficient to show that the two were not wholly unrelated." Id. at 716-17 (quotation marks and citation omitted).

Plaintiff has failed to provide any evidence of a causal link between her filing with the EEOC in or around 1983 and Cannon's decision not to hire her as a welder. Cannon's affidavit indicates that she was not aware of Plaintiff's Charge of Discrimination in or around 1983 against Utility Trailer or of Plaintiff's prior employment application with Utility Trailer until after Thomas commenced this lawsuit. Plf.'s Exh. B (Doc. #43-3) at

2-3. In fact, Plaintiff conceded in her deposition that Cannon did not know about the EEOC filing in or around 1983 at any time during the decision-making process. Def.'s Exh. 2 (Doc. #39-5) at 151-52. Thus, Plaintiff has failed to establish the requisite causal connection to state a *prima facie* retaliation claim.

      To the extent that Thomas might have intended to imply that the timing of the events constitutes some circumstantial evidence in support of the causation element, this attempt fails as a matter of law. In this case, Thomas filed a Charge of Discrimination with the EEOC over twenty years before Cannon considered her employment application. Given the lengthy delay between the protected conduct and the allegedly retaliatory acts, the timing of the events does not constitute circumstantial evidence of causation. See, e.g., Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273-74 (2001) (citing affirmatively several court of appeals decisions for the proposition that a three to four month gap is insufficient to establish the causal relation prong in a retaliation case); Wascura v. City of South Miami, 257 F.3d 1238, 1244-45 (11th Cir. 2001) (While a close temporal proximity between two events may support a finding of a causal connection between those two events, the three and one-half month period between plaintiff's protected conduct and the adverse employment action challenged does not, standing alone, establish a causal connection); Keel v. United States Dep't of Air Force, 256 F. Supp. 2d 1269, 1291 (M. D. Ala. 2003) (more than seven month gap between protected conduct and allegedly retaliatory conduct was insufficient as a matter of law to establish

the causation element of the *prima facie* case of retaliation); Gaddis, 242 F. Supp. 2d at 1146-47 (granting employer summary judgment on three of plaintiff's retaliation claims because plaintiff was unable to establish the requisite causal connection between her protected conduct and her adverse employment actions where lapses of time six months or longer existed between the protected conduct and the adverse employment actions). Thus, the timing of events in this case presents no circumstantial evidence that the alleged adverse employment action was caused by the protected conduct. Indeed, Thomas offers no evidence from which a reasonable jury could find that there was a causal link between her protected activity and the adverse employment action. For this reason, Utility Trailer is entitled to summary judgment on Thomas' retaliation claim.

### B. Gender Discrimination

Thomas has not argued that her gender discrimination claim is supported by direct evidence of discriminatory intent, nor has she directed the Court to any such direct evidence.[3] The Supreme Court established the McDonnell Douglas/Burdine framework[4]

---

[3] "Direct evidence is evidence which itself proves the existence of discrimination and does not require inference or interpretation, as for example a frank admission from a manager that he refused to hire an applicant because he was black or because she was female." Cooper v. Southern Co., 390 F.3d 695, 724 n. 15 (11th Cir. 2004). As expected, "such direct evidence is encountered only infrequently, [because] direct evidence "'is composed of only the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of some impermissible factor.'" Id. (quoting Schoenfeld v. Babbitt, 168 F.3d 1257, 1266 (11th Cir. 1999)) (citation and internal quotation marks omitted).

[4] McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973); Tex. Dep't of Community Affairs v. Burdine, 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981).

for evaluating a Title VII discrimination claim against an employer where there is no direct evidence. See Combs v. Plantation Patterns, 106 F.3d 1519, 1527-28 (11th Cir. 1997). Under this framework, a plaintiff must first make out a *prima facie* case of discrimination. To state a prima facie case of discrimination based on gender, a plaintiff may produce circumstantial evidence showing that: (1) she is a member of a protected class; (2) she was qualified for and applied for a position; (3) that despite her qualifications, she was rejected; and (4) after her rejection, the employer either attempted to fill the position or in fact filled it with someone outside of the protected class. See Tippie v. Spacelabs Medical, Inc., 180 Fed. Appx. 51, 55 (11th Cir. 2006); Goodman v. Georgia Southwestern, 147 Fed. Appx. 888, 891 (11th Cir. 2005) (citing Walker v. Mortham, 158 F.3d 1177, 1186 (11th Cir. 1998)).

Once a *prima facie* case is established, it raises a presumption that the employer discriminated against the employee, and the employer then has the burden to articulate a legitimate, non-discriminatory reason for the employment decision. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973). If the defendant successfully rebuts the plaintiff's *prima facie* case by articulating a legitimate non-discriminatory reason, then the presumption of discrimination is eliminated. Cooper v. Southern Co., 390 F.3d 695, 725 (11th Cir. 2004), cert. denied, --- U.S. ----, 126 S. Ct. 478, 163 L. Ed. 2d 363 (2005). "To survive summary judgment, the plaintiff must then come forward with evidence, including the previously produced evidence establishing the *prima facie* case, sufficient to

permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." Id. (quoting Combs v. Plantation Patterns, 106 F.3d at 1528).

Defendant impliedly concedes that Plaintiff can establish a *prima facie* case of discrimination on the basis of her gender in arguing that it is entitled to summary judgment because Plaintiff cannot establish that the legitimate, nondiscriminatory reason articulated by Defendant for Plaintiff's nonselection is pretextual. See Def.'s Mot. Sum. J. at 6-9. In support of Defendant's burden to articulate legitimate, nondiscriminatory reasons for its decision not to select Plaintiff for one of the welding positions, Defendant points to Cannon's affidavit, which maintains that recent welding experience was the most significant criteria used by Cannon in the selection process for welder positions in 2004. Def.'s Exh. 1 (Doc. #39-2) at 2. Specifically, Cannon's affidavit indicates that all of the selected candidates except Helms had welding experience within the year prior to the selection decision. Id. Helms, the affivant states, had experience welding aluminum, which Cannon states is a highly desirable, rare skill, and his application indicated a stable employment history. Id. at 8. The undersigned concludes that Defendant has articulated legitimate, non-discriminatory reasons for choosing not to hire Plaintiff. See Cooper v. Southern Co., 390 F.3d at 725 ("It is important to bear in mind . . . that the defendant's burden of rebuttal is exceedingly light. . . . At this stage of the inquiry, the defendant need not persuade the court that its proffered reasons are legitimate; the defendant's

burden is merely one of production, not proof."). The burden now shifts back to Plaintiff to "prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." Burdine, 450 U.S. at 253.

To show pretext, the plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence. Id. "If the plaintiff does not proffer sufficient evidence to create a genuine issue of material fact regarding whether each of the defendant employer's articulated reasons is pretextual, the employer is entitled to summary judgment on the plaintiff's claim." Id. (quoting Chapman v. AI Transp., 229 F.3d 1012, 1024-25 (11th Cir. 2000)). Courts are "not in the business of adjudging whether employment decisions are prudent or fair. Instead, [the court's] sole concern is whether unlawful discriminatory animus motivates a challenged employment decision." Damon v. Fleming Supermarkets of Fla., Inc., 196 F.3d 1354, 1361 (11th Cir. 1999).

Plaintiff attempts to show pretext directly by alleging that she was more qualified for the position than Helms. See Plf.'s Exh. A (Doc. 43-2) at unnumbered page 3.[5]

---

[5] Plaintiff also challenges either the qualifications or the stability of the nine other candidates' employment history. The Court need not reach these arguments, because Defendant proffered one reason for choosing these nine men over Thomas–their recent welding experience within the year of their selection.

13

Evidence that the plaintiff was qualified for a position is rarely sufficient to demonstrate pretext:

> a plaintiff cannot prove pretext by simply arguing or even by showing that he was better qualified than the [person] who received the position he coveted. A plaintiff must show not merely that the defendant's employment decisions were mistaken but that they were in fact motivated by [gender]. . . . . [A] plaintiff may not establish that an employer's proffered reason is pretextual merely by questioning the wisdom of the employer's reasons, at least not where . . . the reason is one that might motivate a reasonable employer.

Goodman v. Georgia Southwestern, 147 Fed. Appx. at 892 (citing Alexander v. Fulton County, 207 F.3d 1303, 1339 (11th Cir. 2000) (citing Combs v. Plantation Patterns, 106 F.3d at 1543)). In other words, "a plaintiff will only be successful if the 'disparities in qualifications [are] of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question.'" Tippie v. Spacelabs Medical, Inc., 180 Fed. Appx. at 55 (citing Cooper v. Southern Co., 390 F.3d at 732 (quotations and citation omitted).[6]

The evidence here showed that nine of the 10 successful applicants had welding experience in the year prior to their selection. Three of these successful applicants applied and were hired by Utility Trailer prior to Thomas' submission of her application.

---

[6] In Ash v. Tyson Foods, Inc., the Supreme Court held this Circuit's precedent requiring the disparity in qualifications be "so apparent as virtually to jump off the page and slap you in the face," to be unhelpful and imprecise. --- U.S. ----, 126 S. Ct. 1195, 163 L. Ed. 2d 1053 (2006). In Ash, the Supreme Court cited, without articulating an exact standard, the standard quoted above. Id.

This fact is significant because it demonstrates that Utility Trailer's reason for selecting these 9 male applicants over Thomas was consistent throughout the entire process. Moreover, Thomas is unable to show that her qualifications were so much better than Helms' that no reasonable person could have chosen Helms for the position. Unlike Thomas, Helms' application indicated that he had a rare, highly desired welding skill. His application also revealed a steady, stable work history, without lengthy unexplained gaps of time. Thomas' application included three periods of time gaps for several years at a time (from 1979 to 1984, from 1989 to 1992, and from 2000 to 2003). Thus, Plaintiff has failed to raise a genuine issue of material fact regarding whether Defendant's reasons were pretextual, and she has failed to produce sufficient evidence to meet her ultimate burden of proving by a preponderance of the evidence that the adverse employment action was based on discriminatory animus. Summary judgment for Defendant is therefore proper.[7]

## IV.   CONCLUSION

  Accordingly, the Magistrate Judge RECOMMENDS that Defendant's motion for summary judgment (Doc. #37) is GRANTED WITH PREJUDICE as to Counts One, Two, Three and Four. The undersigned further RECOMMENDS that Final Judgment be entered against the named Plaintiff –Jearldean Thomas– and in favor of the named

---

[7]Defendant also filed a motion to strike pages 4 and 5 of Plaintiff's Exhibit D (Doc. #44). . Because the Court does not rely on these pages in reaching its summary judgment determination, the Court DENIES Defendant's motion as MOOT.

Defendant–Utility Trailer Manufacturing Company.  It is further

ORDERED that Defendant's motion to strike (Doc. #44) is DENIED as MOOT.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation by **May 2, 2007**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982).  See Stein v. Reynolds Securities, Inc., 667 F.2d 33 (11th Cir. 1982).  See also Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this the 19th day of April, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE