IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JEARLDEAN THOMAS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NUMBER:** |
| v. ) | **1:05cv914-F** |
| ) | |
| **UTILITY TRAILER MANUFACTURING** ) | |
| **COMPANY d/b/a UTILITY TRAILER** ) | |
| **CORPORATION,** ) | |
| ) | |
| **Defendant.** ) | |

## MOTION TO STRIKE

Defendant Utility Trailer Manufacturing Company (hereafter "Utility Trailer") requests that the Court strike the Affidavit of Jearldean Thomas filed by Plaintiff on May 2, 2007. As grounds for this motion, Defendant shows the following:

1. <u>The Affidavit is Untimely</u>.

The Court ordered Plaintiff to file a response to the *Defendant's Motion for Summary Judgment* by March 8, 2007. Pursuant to the Court's prior order regarding the filing of dispositive motions, Plaintiff's evidentiary submission was due at the same time as her response.

Upon Plaintiff's motion for an extension, the Court extended Plaintiff's deadline until March 26, 2007. The Plaintiff had more than adequate time to submit any evidence in her favor, prior to the *Recommendation of the Magistrate Judge,* entered on April 19, 2007, which recommended summary judgment in favor of Defendant.

Plaintiff now seeks to have the Court consider an Affidavit containing new "evidence," in an effort to overcome the Magistrate's Recommendation which was unfavorable to her. Plaintiff's Affidavit should be stricken, as it is untimely.

Moreover, as discussed below, nothing in Plaintiff's Affidavit should have affected this Court's decision, even if it had been submitted in a timely manner.

2. <u>The Affidavit is Contrary to Plaintiff's Deposition Testimony</u>.

In her Affidavit, Plaintiff claims that during the application process, she asked the receptionist if they were looking for a particular skill, such as aluminum welding. This allegation is conspicuously missing from her deposition testimony, in which she was asked to describe all of the conversations pertaining to her application. *See Defendant's Evidentiary Submission, Ex. 2, Depo. of Thomas*, *pages 122-145.* When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony. *Van T. Junkins & Associates v. U.S. Industries*, 736 F.2d 656, 657 (11th Cir. 1984). Accordingly, as Plaintiff's clear deposition testimony conflicts with portions of her Affidavit, those portions of her Affidavit are due to be stricken.

3. <u>The Affidavit is based on Inadmissible Hearsay</u>.

Parts of the Affidavit, i.e. the representations concerning the alleged statements of Mr. Helms' former employer, are inadmissible hearsay. *See* FRE 801(c) (providing that hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.") The Court may not consider inadmissible hearsay. *Macuba v. DeBoer*, 193 F.3d 1316, 1322 (11th Cir. 1999) ("The general rule is that inadmissible hearsay cannot be considered on a motion for summary judgment."); *Reeves v. Thigpen*, 879 F. Supp. 1153, 1164-66 (M.D. Ala. 1995) (striking portions of plaintiff's affidavit and granting Defendants'

motions for summary judgment in part); *Damon v. Fleming Supermarkets of Florida, Inc.*, 196 F.3d 1354, 1359 n.1 (11th Cir. 1999) (refusing to consider inadmissible hearsay as evidence of discrimination). Therefore, the Court should strike these portions of the Affidavit inadmissible hearsay.

4.    <u>The Alleged Information is Irrelevant</u>.

Even if Plaintiff's allegations in the Affidavit were admissible, nothing in the Affidavit affects any of the findings in the *Recommendation of the Magistrate Judge,* entered on April 19, 2007.

For the foregoing reasons, Defendant requests that the Court strike Plaintiff's Affidavit, filed on May 2, 2007.

> Respectfully Submitted,
>
> s/Jennifer L. Howard
> Jennifer L. Howard ASB-9511-O68J

LEHR MIDDLEBROOKS & VREELAND, P.C.
P.O. Box 11945
Birmingham, Alabama 35202-1945
Phone:  (205) 326-3002
Fax:  (205) 326-3008
E-mail: jhoward@lehrmiddlebrooks.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 7, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

      I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> Ms. Jearldean Thomas
> 405 Highland Drive
> Enterprise, AL  36330

> s/Jennifer L. Howard
> OF COUNSEL

176274