Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY AL 36104-4055

January 14, 2008

**Appeal Number: 07-12614-AA**
Case Style: Jearldean Thomas v. Utility Trailer Manufacturing
District Court Number: 05-00914 CV-F-S

TO:  Debra P. Hackett

CC:  Jearldean Thomas

CC:  Albert Loring Vreeland, II

CC:  Jennifer Leigh Howard

CC:  Hon. Wallace Capel Jr.

CC:  Administrative File

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia  30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

January 14, 2008

Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY  AL  36104-4055

**Appeal Number: 07-12614-AA**
Case Style: Jearldean Thomas v. Utility Trailer Manufacturing
District Court Number:  05-00914 CV-F-S

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)

# United States Court of Appeals
For the Eleventh Circuit

| No. 07-12614 | FILED<br>U.S. COURT OF APPEALS<br>ELEVENTH CIRCUIT |
|---|---|
| District Court Docket No.<br>05-00914-CV-F-S | Dec 14, 2007<br>THOMAS K. KAHN<br>CLERK |

JEARLDEAN THOMAS,

    Plaintiff-Appellant,

versus

UTILITY TRAILER MANUFACTURING COMPANY,
d.b.a. Utility Trailer Corporation,

    Defendant-Appellee.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

---

Appeal from the United States District Court
for the Middle District of Alabama

---

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
JAN 1 4 2008
U.S. COURT OF APPEALS
ATLANTA, GA.

    Entered:  December 14, 2007
For the Court:  Thomas K. Kahn, Clerk
        By:  Jackson, Jarvis

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

```
               FILED
        U.S. COURT OF APPEALS
          ELEVENTH CIRCUIT
           DECEMBER 14, 2007
           THOMAS K. KAHN
               CLERK
```

No. 07-12614
Non-Argument Calendar

D. C. Docket No. 05-00914-CV-F-S

JEARLDEAN THOMAS,

Plaintiff-Appellant,

versus

UTILITY TRAILER MANUFACTURING COMPANY,
d.b.a. Utility Trailer Corporation,

Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Alabama

**(December 14, 2007)**

Before BIRCH, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Jearldean Thomas appeals the district court's grant of summary judgment in

favor of Utility Trailer Manufacturing Company in this Title VII sex discrimination suit. Thomas, a black female, is proceeding pro se.

This appeal arises from an application Thomas filled out for one of several open welding jobs at Utility Trailer. The company did not hire her. Instead, its human resources manager selected seven male applicants who applied after Thomas did. Thomas contends that Utility Trailer's stated reasons for refusing to hire her, unexplained gaps in her work history and a lack of recent welding experience, are pretextual.[1] She argues that she was as qualified as, or more qualified than, the candidates Utility Trailer ultimately hired.

We review de novo the district court's grant of summary judgment, viewing the evidence in the light most favorable to the non-moving party. Chapman v. AI Transp., 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc). Summary judgment is appropriate if the evidence before the court shows that there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Although we read pro se filings liberally, "a pro se litigant does not escape the essential burden under summary judgment standards of

---

[1] The magistrate judge's report and recommendation on Utility Trailer's summary judgment motion, which the district court adopted as its order, also addressed race discrimination and retaliation claims brought by Thomas. Thomas makes no mention of those claims in the papers she filed with this Court. We therefore limit our review to her sex discrimination claim. See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

2

establishing that there is a genuine issue as to a fact material to [her] case in order to avert summary judgment." Brown v. Crawford, 906 F.2d 667, 670 (11th Cir. 1990).

Title VII makes it "an unlawful employment practice for an employer . . . to fail or refuse to hire . . . any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Where, as is the case here, a plaintiff relies on circumstantial proof to establish unlawful discrimination, we apply the framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824 (1973). Under that framework, if the plaintiff establishes a prima facie case of discrimination, the burden then shifts to the defendant to articulate a legitimate, non-discriminatory reason for its actions. E.E.O.C. v. Joe's Stone Crabs, Inc., 296 F.3d 1265, 1272 (11th Cir. 2002). If the defendant proffers a non-discriminatory explanation for an adverse employment action, the burden shifts back to the plaintiff to prove that the proffered explanation was not the real reason for the employer's actions. Combs v. Plantations Patterns, 106 F.3d 1519, 1528 (11th Cir. 1997). If "the proffered reason is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason." Chapman, 229 F.3d at 1030. To show pretext by asserting superior

3

qualifications, a "plaintiff must show that the disparities between the successful applicant's and her own qualifications were of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff." Brooks v. County Comm'n, 446 F.3d 1160, 1163 (11th Cir. 2006) (quotation marks and citation omitted).

Utility Trailer did not dispute the existence of a prima facie case. See Joe's Stone Crabs, 296 F.3d at 1273. Instead, it proffered two non-discriminatory reasons for not hiring Thomas: (1) the significant unexplained gaps in her employment history; and (2) the absence of recent welding experience (she had not worked as a welder since 1997).

The burden shifted to Thomas to show that the reasons Utility Trailer proffered for making its decision are pretextual. She did not carry that burden. The evidence before the district court demonstrated that the other welders hired by Utility Trailer, with one exception, had the recent welding experience that Thomas lacks. The only male candidate Utility Trailer hired who lacked recent welding experience (he last worked as a welder in 1998) indicated on his application that he had experience welding aluminum, a qualification Utility Trailer values highly. Thomas did not list experience with aluminum welding on her application.

Moreover, none of the male candidates' applications revealed multiple,

4

unexplained, and lengthy periods of unemployment. Thomas' only response is a critique of the other candidates' applications. Even accepting those criticisms as true, they do not rebut the non-discriminatory reasons Utility Trailer has given for declining to hire Thomas. She produced no evidence that any of the candidates Utility Trailer hired lacked both recent welding experience and a documented, stable work history. Absent such evidence, Thomas cannot show that Utility Trailer's proffered reasons for refusing to hire her are pretextual. Accordingly, we conclude that the district court correctly granted Utility Trailer summary judgment on Thomas' sex discrimination claim.

**AFFIRMED.**

A True Copy Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia